[20994. In Bank. — April 14, 1893.]

THE PEOPLE, APPELLANT, v. ELMER WALTERS, RESPONDENT.

CRIMINAL LAW — HOMICIDE — EVIDENCE — FAMILY FEUD — COTEMPORANEOUS KILLING OF MOTHER OF DECEASED — PROOF OF MALICE. — Upon the trial of a defendant charged with murder, where it appeared that there had been a long and bitter family feud between the family of the deceased and that of the defendant, and that at the time of the homicide, the mother of the deceased was with him, evidence of the shooting of the mother by the defendant immediately after the shooting of her son is admissible as tending to show the malicious motives of the defendant, and to disprove the claim of self-defense.

ID. — WOUNDS UPON BODY OF MOTHER — BLOOD UPON HER PERSON. — In such case, evidence of surgeons as to the number and position of the wounds on the body of the mother is admissible as tending to show that the defendant shot at her with deadly aim; as is also the evidence of another witness that, when he saw the mother at the scene of the shooting shortly after it occurred, she was covered with blood from head to foot.

ID. — PROOF OF DISTINCT OFFENSE — OFFENSE PART OF SAME TRANSACTION — PREJUDICE OF DEFENDANT. — Upon the trial of a person charged with one offense, proof of another and distinct offense is ordinarily inadmissible, when it has no tendency to establish the offense charged; yet, whenever the case is such that proof of one crime tends to prove any fact material in the trial of another, and in any case where two persons are murdered or assaulted at the same time, and as part of the same transaction, such proof is admissible, and the fact that it may tend to prejudice the defendant in the minds of the jurors is no ground for its exclusion.

ID. — SUPPLY OF PLACE OF DISTRICT ATTORNEY — ASSOCIATE COUNSEL — CONSTRUCTION OF PENAL CODE — FORMAL ORDER OF COURT. — Section 1130 of the Penal Code, providing for the supplying of the place of the district attorney when for any reason he cannot conduct the prosecution, is not exclusive, and if his place is otherwise supplied by associate counsel employed to conduct the prosecution, who are guilty of no misconduct prejudicial to the defendant, he cannot be heard to object that such counsel had not been regularly and formally authorized so to do by an order of the court entered in the minutes in pursuance of that section.

ID. — MISLEADING INSTRUCTION. — Where an instruction asked for by a defendant in a criminal proceeding, and refused by the court, is so broad in its terms as to be misleading, if not positively erroneous, and so far as correct, is given with the necessary qualifications in another instruction allowed by the court, no error is committed in the refusal to give it as asked.

APPEAL from an order of the Superior Court of San Bernardino County granting a new trial.

The facts are stated in the opinion of the court.

*District Attorney Frank Oster*, and *Harris & Gregg*, for Appellant.

The evidence as to the shooting of the mother was part of the *res gestæ* and was properly admitted. (*People* v. *Cunningham*,

66 Cal. 671; *Shaffner* v. *Commonw.*, 72 Pa. St. 60; 13 Am. Rep. 649; 1 Greenleaf on Evidence, sec. 53; 9 Am. & Eng. Encycl. of Law, 690; *Heath's Case*, 1 Rob. (Va.) 735; *Fernandez* v. *State*, 4 Tex. App. 419; Bishop's Criminal Procedure, 1123; Wharton's Criminal Law, sec. 649; *People* v. *Rogers*, 71 Cal. 568.)

*R. E. Bledsoe, E. W. Freeman,* and *L. T. Farr,* for Respondent.

The introduction in evidence of the facts relating to the shooting of the mother was prejudicial error. (*Farris* v. *People,* 129 Ill. 521; 16 Am. St. Rep. 283; *Strong* v. *State,* 86 Ind. 208; 44 Am. Rep. 300; *Shaffner* v. *Commonw.,* 72 Pa. St. 60; 13 Am. Rep. 649; *State* v. *Lapage,* 57 N. H. 245; 24 Am. Rep. 69.)

BEATTY, C. J. — The defendant was charged with the murder of one Ira Wall, and was convicted of murder in the second degree. On the trial in the superior court evidence was admitted over the defendant's objection to the effect that at the time of the homicide, Ira Wall and his mother were together, and immediately after shooting and killing Ira Wall with one barrel of his shot-gun the defendant fired with the other barrel upon Mrs. Wall and wounded her.

Before judgment the defendant moved for a new trial upon the following grounds: "1. That the court has misdirected the jury in matters of law, and has erred in the decisions of questions of law arising during the course of the trial. 2. That the verdict is contrary to the law. 3. That said verdict is contrary to the evidence."

After argument the court made and entered the following order: "Defendant's motion for a new trial, heretofore submitted, is granted upon the ground that court erred in admitting evidence regarding the shooting of Mrs. Wall, and on that ground only, and denied as to the other grounds of said motion, and the prosecution excepts."

From this order the People appeal, contending that the several rulings of the court admitting evidence relating to the shooting of Mrs. Wall were free from error, and, consequently, that the order was wholly unwarranted. The defendant contends that the order granting a new trial is not only sustained by the

ground upon which the action of the court was expressly based, but that it should have been granted upon other grounds.

In order to a proper consideration of the case, a brief statement of the leading facts is necessary: There was a controversy of some years standing between the Wall and the Walters families over the right to divert and use the waters of a small stream for the purpose of irrigating their respective lands., The Walls seem to have been the first appropriators, but the extent of their appropriation and use seems to have been disputed by the defendant and his two brothers, and there were mutual interferences in the way of turning the water in and out of the irrigating ditches of the parties. On one occasion, when several of the Walls — brothers and sisters — were present, a brother of the defendant took a gun from the hands of Ira Wall's sister, and in attempting to break it caused it to be accidentally discharged, inflicting upon himself a mortal wound. Subsequently a suit was commenced by the Walls against the defendant, in which a preliminary injunction was issued restraining him from interfering with the water; but this order was so modified as to permit the parties, pending the litigation, to use the water alternately four days at a time. Afterwards the action was tried and decided in favor of the Walls. Pending his motion for a new trial the defendant claimed the right to use the water alternately with the Walls, four days at a time, according to the modification of the preliminary injunction, and having turned the water from the Walls' ditch into his own, armed himself with a pistol and shot-gun and took his station at the point of diversion apparently for the purpose of preventing any interference on the part of the Walls. During the night of August 10, 1892, he slept on the ground a few feet from the ditch, and was still in bed between five and six o'clock on the morning of the 11th when Ira Wall, his mother, and a boy of sixteen, named Carver Peck, came down the canyon along the road from the Wall residence to the town of Elsinore. Mrs. Wall was in a buggy on her way to Elsinore; Ira Wall and Peck were on foot and each had a shovel. None of them were armed. Mrs. Wall stopped her buggy about thirty feet short of the point at which the Walters' ditch crossed the road. Ira Wall and Peck went to the ditch and commenced placing some stones in it

where it crossed the road, for the purpose, as claimed, of making it passable for the buggy. At this moment defendant sat up in his bed and drawing a double-barreled gun from under the cover, with the remark, "You know what I am here for," fired at Ira Wall, and immediately swung his gun around in the direction of Mrs. Wall where she sat in her buggy, and discharged the second barrel. About fifty shot entered the body of Ira Wall under his left shoulder blade, killing him instantly. Thirteen shot took effect in the breast of Mrs. Wall, but did not inflict a fatal wound.

It is for the supposed error in the admission of evidence of this shooting of Mrs. Wall that the superior court has ordered a new trial.

The superior court did not err in admitting this evidence. It is true that in trying a person charged with one offense it is ordinarily inadmissible to offer proof of another and distinct offense, but this is only because the proof of a distinct offense has ordinarily no tendency to establish the offense charged. But whenever the case is such that proof of one crime tends to prove any fact material in the trial of another, such proof is admissible, and the fact that it may tend to prejudice the defendant in the minds of the jurors is no ground for its exclusion. These remarks are applicable to any case in which two persons are murdered or assaulted at the same time and as part of the same transaction, and the present case affords an excellent illustration of the necessity of the exception to the general rule. On the occasion of this homicide, Mrs. Wall and her son were the representatives of one side of a long standing controversy, which had resulted in a bitter family fued, and the shooting of the mother immediately after the shooting of the son by a representative of the other side was convincing evidence of the motive of the act. It showed the malice which is an essential ingredient of the crime charged, and tended strongly to disprove the claim of self-defense, which the people could anticipate if they chose to do so. Nor can the defendant complain of the rulings of the court admitting the evidence of surgeons as to the number and position of the wounds on the body of Mrs. Wall. This evidence tended to prove that he shot at her with deadly aim, and the same may be said of the evidence of another witness, who stated

that when he saw Mrs. Wall at the scene of the shooting, shortly after it occurred, she was covered with blood from head to foot.

The authorities cited in appellant's brief abundantly sustain the foregoing views. We do not think it necessary to refer specially to any case except *People* v. *Cunningham,* 66 Cal. 671.

The ground upon which the new trial was granted, therefore, does not sustain it, and it only remains to inquire whether either of the other grounds relied on by the defendant entitled him to a new trial.

Two points only are urged under this head: 1. That it was error to allow attorneys to conduct the prosecution in place of the district attorney, who had not been regularly and formally authorized so to do by an order entered in the minutes of the court. 2. That the court erred in refusing to allow one of the instructions requested by the defendant. The facts upon which the first point arises are as follows: The district attorney of the county had been attorney for the defendant in the litigation about the water right, and for that reason felt that he could not properly prosecute the charge of murder. At his suggestion the board of supervisors employed other counsel to conduct the prosecution, which they did without objection, but without any formal order of court made in pursuance of section 1130 of the Penal Code. There was no error in this. Section 1130 of the Penal Code makes provision for supplying the place of the district attorney when for any reason he cannot conduct the prosecution, but is not exclusive. If his place is otherwise supplied by counsel, who are guilty of no misconduct prejudicial to the defendant, he has no ground of complaint. As to the second point, it is sufficient to say that the instruction refused was so broad in its terms as to be misleading, if not positively erroneous, and so far as it was correct it was given with the necessary qualifications in another instruction allowed by the court.

There was no ground for the order granting a new trial, and the order is therefore reversed with directions to the trial court to enter the proper judgment upon the verdict.

HARRISON, J., DE HAVEN, J., and McFARLAND, J., concurred.