[Crim. No. 1101.    In Bank.—June 14, 1904.]

THE PEOPLE, Respondent, v. PEDRO MORALES, Appellant.

CRIMINAL LAW—HOMICIDE—PROVINCE OF JURY.—Where the evidence for the prosecution is sufficient to support the verdict, and the evidence for the defendant conflicts therewith, it is for the jury to determine as to the credibility of the witnesses, and their verdict will not be disturbed upon appeal.

ID.—EVIDENCE—BULLET FIRED THROUGH TIN LANTERN.—Where there was evidence that the fatal bullet was fired through a tin lantern, the bullet found in the body of the deceased, and a small piece of tin which was attached thereto, but which had become detached while the bullet was in the sheriff's possession, were admissible in evidence.

ID.—USE OF PISTOL OF DECEASED—CUT-OFF CARTRIDGES—EXPLANATORY PISTOL AS EVIDENCE.—Where the defendant used a Colt's pistol of the deceased containing cut-off cartridges, which deceased had prepared for a Smith & Wesson pistol formerly possessed by him, and which he had exchanged for the other, a Smith & Wesson pistol of the same pattern was properly admitted in evidence as explanatory of the possession of the cut-off cartridges by the deceased.

ID.—CROSS-EXAMINATION OF DEFENDANT—ARREST.—Where the shooting took place while the deceased and another person having a warrant of arrest were in defendant's house for the purpose of arrest, and the defendant in his testimony denied that he had any notice that they were officers, it was legitimate cross-examination to inquire if the deceased had not once before arrested him on the same charge, and whether the defendant did not then succeed in getting away.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Frank W. Allender, and Clifton Axtell, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

SHAW, J.—This is an appeal from a judgment convicting the defendant of the crime of manslaughter and from an order denying his motion for a new trial.

The defendant was charged with the murder of one George Lee Wilson. The evidence on behalf of the prosecution shows that the deceased and one Albert Smith, having a warrant for the arrest of the defendant, entered his house at the time of the homicide for the purpose of making the arrest, found the defendant in bed, and that, while defendant was in the act of dressing, Wilson stooped to get defendant's shoes, whereupon the defendant grabbed Wilson's pistol and fired the shot which killed him.

The defendant claims that the evidence is insufficient to show that it was he who fired the fatal shot. In this, however, he is evidently relying upon the evidence given on behalf of the defendant. The evidence for the prosecution clearly shows the facts as above stated, and it was for the jury to determine with respect to the credibility of the witness.

The defendant also contends that under the circumstances of the case the homicide was justifiable, on the theory that the officers used undue violence in making the arrest. In his brief defendant's counsel ask this question: ''Had they the right to drag him forth by the hair of the head at almost the hour of midnight, when all nature was at rest, and thus by their manner and conduct strike terror into the very hearts of the inmates of that little home?'' Here, again, counsel are relying upon the testimony of the defendant and the witnesses in his behalf. The testimony of the prosecution shows that the officers informed him that they were there to arrest him and used no undue violence in making the arrest, and that the precautions they took in the way of displaying pistols to intimidate the defendant were eminently proper in view of the character of the defendant, as disclosed by the subsequent occurrences. Notwithstanding all their precautions, the defendant succeeded in escaping, at the cost of the life of one of the officers.

The defendant objected to the admission in evidence of the bullet taken from the body of the deceased, accompanied by a small piece of tin. The objection was not well taken. It was shown that the bullet was found in the body of the deceased and caused his death, and that at the time it was taken from the body it had attached thereto a small piece of tin, which had afterwards become detached while the bullet was in the possession of the sheriff. The significance of the piece of

tin arose from the testimony to the effect that the only light in the room at the time of the arrest consisted of a lantern held by one of the officers, and that the defendant shot through the lantern, which was made of tin, putting out the light and hitting the deceased at the same time. The presence of the tin on the bullet strongly corroborated this testimony.

Defendant also claims that the court erred in admitting in evidence certain other bullets and another pistol, not the one used by the defendant on the occasion of the homicide. The pistol used by the defendant, which he took from the deceased, was a forty-five-caliber Colts, loaded with forty-four-caliber Winchester cartridges with the ends cut off. It was not necessary to cut off the ends of the cartridges to use them in a pistol of that description. There was some dispute concerning the similarity of the bullets of the cartridges taken from Wilson's pistol after the homicide, as compared with the bullet taken from his body. It appeared that the deceased, Wilson, two days before the homicide, was using a forty-five-caliber Smith & Wesson pistol, which he loaded with forty-four-caliber Winchester cartridges; that in order to do so he had cut the ends off the bullets, and that he had some of these cut-off cartridges in his belt; that he then exchanged the Smith & Wesson pistol for the forty-five-caliber Colts pistol used by the defendant at the time of the homicide, and loaded the Colts pistol with some of these cut-off Winchester cartridges which he had in his belt. The Smith & Wesson pistol introduced in evidence was of the same pattern and size as that which the deceased had in his possession when he used the cut-off cartridges therein. The sole purpose of introducing it in evidence was to explain the possession of the cut-off cartridges by the deceased, and thereby strengthen the proposition that the bullet taken from his body was one which came from his own pistol. The evidence was clearly relevant for that purpose.

Defendant also complains of the cross-examination of the defendant while on the stand as a witness. The district attorney on cross-examination asked him whether or not the deceased had not once before arrested him on the same charge on which he attempted to arrest him at the time of the homicide, and whether the defendant did not on the previous occasion succeed in getting away. The defendant disclaimed any

knowledge of the facts imputed in the question. The cross-examination was made in response to the evidence of the defendant himself on examination in chief, in which he contradicted the evidence of the prosecution to the effect he was informed that the officers had come to arrest him, and declared that they did not tell him that they were officers, or show a star or anything that made him believe they were officers, or show any warrant of arrest, or tell him that he was being arrested. The cross-examination was an evident attempt on the part of the district attorney to show that the defendant, notwithstanding his denial, knew the deceased and knew that he was an officer. This was legitimate cross-examination. The defendant in his examination in chief evidently intended to leave the impression that he was entirely ignorant of the official character of the parties who attempted to make the arrest, and that he was justified in considering it as an unprovoked and unjustifiable assault upon him in his own house. It was proper for the district attorney, if he could, to show by the defendant's own testimony that he knew that the deceased was an officer who had previously made an attempt to arrest him.

No other errors are complained of.

The judgment and order appealed from are affirmed.

Angellotti, J., Van Dyke, J., McFarland, J., Lorigan, J., Henshaw, J., and Beatty, C. J., concurred.