[Crim. No. 172. Second Appellate District.—August 20, 1910.]

## THE PEOPLE, Respondent, v. J. McCARTHY, Appellant.

CRIMINAL LAW—ROBBERY—EVIDENCE—DISCHARGE FROM JAIL—PENNILESS CONDITION—POSSESSION OF PROPERTY AND MONEY UPON SECOND ARREST.—Where the record upon appeal from a judgment of conviction of the crime of robbery discloses that on a specified date the prosecuting witness was brutally assaulted and robbed, and that beyond peradventure the defendant was guilty of the crime, evidence was admissible to show that the plaintiff was in jail before the robbery on that day, and was discharged therefrom in a penniless condition. Such evidence was material and important, in view of the fact that when arrested on the evening of the same day for the robbery, he was in possession of recently purchased wearing apparel, and of a sum of money secreted in one of his socks. The proof of his prior incarceration was, under the facts, relative to the issue being tried.

ID.—PROOF OF MATERIAL INDEPENDENT CRIME.—Whenever the case is such that proof of one crime tends to prove any fact material in the trial of another crime, such proof is admissible, and the fact that it may tend to prejudice the defendant in the minds of the jurors is no ground for its exclusion. This rule is applicable, when the evidence merely tends to show previous confinement in jail, when such confinement and the circumstances connected therewith, including the search of the defendant's person at the time of the prior incarceration and condition at the time of the discharge, all tend to show facts proper and competent as aiding the jury in arriving at a proper verdict.

ID.—ABSENCE OF MISCONDUCT OF DISTRICT ATTORNEY OR COURT.—It was not misconduct on the part of the district attorney to offer proof of the penniless condition of the defendant when confined in the jail and discharged therefrom, nor on the part of the court in its admission, considering its bearing upon the issue being tried. It was not misconduct of the district attorney to move to strike out objectionable evidence given by a witness, which was voluntarily given without being responsive to the question asked, nor to offer to show that defendant's previous incarceration was under a commitment, where the court properly declined to receive such evidence, and it was immaterial in establishing the penniless condition of the defendant when discharged, and could not prejudice the defendant.

ID.—IMPEACHMENT OF DEFENDANT AS A WITNESS—FOUNDATION.—The court did not err in admitting the evidence of witnesses to impeach the testimony of defendant by showing that his reputation for truth, honesty and integrity was bad, although they were not shown

to have a very extended and intimate acquaintance with the defendant, where each of them stated that he was acquainted with his general reputation in the community for truth, honesty and integrity.

ID.—RULE AS TO QUALIFICATION OF IMPEACHING WITNESSES.—It is sufficient that impeaching witnesses be acquainted with the prevailing impression in the community as disclosed by actions, conduct or conversations relating to the character in issue, although it is not necessary that the witness testifying should know that the majority of the community have that impression.

ID.—DISCRETION OF TRIAL COURT NOT ABUSED—MATTER FOR JURY.—The trial court, in the exercise of its discretion, determined that the witnesses had sufficient knowledge to entitle them to answer, and where it appears from the answers of the witnesses that the court did not abuse its discretion in admitting such testimony, the weight and credibility thereof was a matter for the jury.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Carpenter & Gibbons, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

ALLEN, P. J.—Defendant and appellant was convicted of the crime of robbery, and from the judgment and an order denying a motion for a new trial he appeals.

The record discloses that on the 21st of January, 1910, the prosecuting witness was brutally assaulted and robbed, and that beyond peradventure defendant was guilty of the crime. It is sought to have the judgment reversed on account of technical matters connected with the trial, the most prominent being a claim that the court erred in admitting testimony tending to show that defendant had been incarcerated in the jail at San Luis Obispo county before commission of the robbery. Were this character of evidence disconnected with that tending to show guilt of the offense charged, the error would be apparent (*People* v. *Derbert*, 138 Cal. 470, [71 Pac. 564]); but it is obvious that the object and purpose of the district attorney in proffering and making

this proof was to show that defendant on the morning of the robbery, and within a few hours before the same was committed, was penniless. This was material and important, in view of the fact that upon his arrest in the evening of the same day defendant was found in possession of wearing apparel recently purchased and a sum of money secreted in one of his socks. The proof of his incarceration, therefore, was relative to the issue being tried. As said by our supreme court, speaking through Chief Justice Beatty, in *People* v. *Walters,* 98 Cal. 141, [32 Pac. 865] : "Whenever the case is such that proof of one crime tends to prove any fact material in the trial of another, such proof is admissible, and the fact that it may tend to prejudice the defendant in the minds of the jurors is no ground for its exclusion." We can see no reason why this rule, as applicable to proof of independent substantive crime, should not be equally so when the evidence merely tends to show confinement in the jail, which may or may not have been on account of previous criminal conduct, and when such confinement and the circumstances connected therewith, including the search of defendant's person at the time of incarceration and condition at the time of discharge, all tend to show facts proper and competent as aiding the jury in arriving at a proper verdict. We see no misconduct on the part of the district attorney in offering this proof, nor on the part of the court in its admission, considering its bearing upon the issue being tried.

Objection is made to the testimony of one Walsh with reference to confinement in jail at times other than the one immediately preceding defendant's discharge on the day of the robbery. This evidence of Walsh, however, was voluntary in its character, was not responsive to the question asked, and the district attorney asked to have it stricken out and the court ordered it stricken out and directed the jury to pay no attention to it, and the question propounded by the district attorney to the witness which elicited the objectionable testimony cannot be said to have been for an apparently improper object or purpose, and cannot be classed with the conduct of the district attorney in the case of *People* v. *Grider,* 13 Cal. App. 703, [110 Pac. 586], nor with that criticised in *People* v. *Wells,* 100 Cal. 459, [34 Pac. 1078].

We see no misconduct so prejudicial as to entitle defendant to reversal by reason of the attempt of the district attorney to show that when defendant was incarcerated in jail on the 12th of January, 1910, the same was by virtue of a commitment regularly issued. The court declined to admit the evidence, and properly so. If, however, as we are of opinion, his actual confinement under the circumstances was proper to be shown, no prejudice could have resulted by the tender of proof showing his incarceration under a commitment. Such proof was not necessary as establishing the main fact sought to be established, namely, that he was without money, yet certainly the mere tender of such proof could not prejudice the defendant.

It is finally claimed that the court erred in admitting the testimony of witnesses Guzzi, Kieran and Barcellas, who were called by the prosecution in rebuttal to impeach and discredit the testimony of defendant by showing that his reputation for truth, honesty and integrity was bad, it being claimed by appellant that sufficient foundation was not laid to warrant the admission of the evidence given by these witnesses. It is true that they were not shown to have had a very extended and intimate acquaintance with defendant, and that the witnesses did not understand without considerable explanation what was meant by the term "character" or "reputation," or even the word "acquaintance," but each of them finally stated that he was acquainted with defendant's general reputation in the community for truth, honesty and integrity. It is sufficient that witnesses "be acquainted with the prevailing impression in the community, as disclosed by actions, conduct or conversations relating to the character in issue, although it is not necessary that the witness testifying should know that the majority of the community have that impression." (*People* v. *Cord,* 157 Cal. 562, [108 Pac. 511].) The trial court in the exercise of its discretion determined that the witnesses had sufficient knowledge of the facts to entitle them to answer, and we find from their answers that the court did not abuse its discretion in admitting such testimony, the weight and credibility whereof was a matter for the jury.

We see no prejudicial error in the record, and the judgment and order are affirmed.

Shaw, J., and James, J., concurred.