[Crim. No. 1872.   First Appellate District, Division ·One.—·April 23, 1936.]

THE PEOPLE, Respondent, v. JOSEPH CATO, Appellant.

Nathan C. Coghlan for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

TYLER, P. J.—In an information filed by the district attorney of the city and county of San Francisco, appellant Joseph Cato and one Hugh Ritchie were jointly accused of the crime of robbery, which act was alleged to have been committed on April 26, 1935. Appellant Cato was also charged with the prior conviction of a felony, to wit, a burglary alleged to have been committed on August 20, 1932. To the charge each defendant pleaded not guilty. Appellant Cato also denied that he had suffered the prior conviction of felony as charged. After trial, both defendants were found guilty on the robbery charge. No evidence was offered in support of the alleged prior conviction suffered by Cato. From the judgment rendered, and from an order denying a new trial, defendant Cato has appealed. No appeal has been taken by defendant Ritchie.

The pertinent facts show that about 10:30 in the morning of April 26, 1935, one Peter Murney, the manager of a restaurant and beer parlor located at 300 Howard Street, served defendant Ritchie with a glass of beer, which took Ritchie about twenty minutes to consume. During this period Murney delivered about $400 in checks to his wife for the purpose

of having her cash the same at a bank. Upon his wife's return Murney met her and received the money. There was evidence to show that defendant Ritchie saw the money and began to act in a strange manner. Murney went behind the bar and placed his money in a cash drawer under the register. Ritchie at this time finished his beer and walked around in a circle up to the end of the bar when defendant Cato appeared on the premises with a sawed-off shotgun in his hands. Cato commanded Murney and the customers to turn around and face the wall. Defendant Ritchie thereupon jumped over the bar and took the money from the cash register and put the same into his pocket. A third man appeared in the doorway with a pistol, which he pointed at Murney and commanded him to turn the other way. Defendant Cato then went through Murney's pockets, after which the men left the place. Murney called the police and upon checking his accounts found that about $700 had been taken. Several days thereafter Murney identified Cato at the city prison as one of the robbers, and about a week later he also identified Ritchie. Two days after the robbery, Cato was arrested and $20 was found on his person. In an automobile registered in his wife's name were found nineteen shotgun shells, and some rifle shells were found in his apartment. It was also shown that Ritchie had on the afternoon of the day of the robbery opened a bank account, depositing $165 in currency, and it further appeared that Cato and Ritchie a day after the robbery purchased an automobile, paying the sum of $155 as a down payment. After his arrest the police authorities asked Ritchie whether he knew defendant Cato, and he replied that he did not. Upon being further questioned he admitted knowing him and also the third man, who was later arrested at a house designated by Ritchie. Ritchie and Cato were both questioned concerning the shotgun, but each denied owning a sawed-off shotgun or having participated in the robbery, and both relied upon evidence tending to substantiate an alibi. In rebuttal the prosecution showed that on a previous occasion defendant Cato, at a time when Ritchie was also present, had a sawed-off shotgun in his hands when a crime was being committed. These are all the facts necessary to be stated for a discussion of the questions presented.

■ Appellant Cato claims that the trial court committed error in the admission of evidence disclosing the commission of another offense, and in the giving of instructions relative to the defense of alibi, and also the degree of the offense and the imposition of the particular sentence in the case. It is true the rule is well established that a defendant in a criminal cause can be tried for no other offense than that charged and it is not competent for the prosecution to prove the commission of independent crimes by the defendant, the evidence of which has no tendency to prove some material fact in connection with the particular crime charged. However, the rule has many exceptions. Where the evidence is otherwise competent it cannot be excluded merely because, in producing such evidence, there is shown the commission of other offenses or wrongful acts. (8 Cal. Jur. 60–73.) ■ Thus where a person denies knowing another it is competent to show that the person knew the other, even though such a showing tends to bring out the commission of an independent offense. (*People* v. *Morales,* 143 Cal. 550 [77 Pac. 470].) So, also, where a defendant denies that he had a particular instrument used in the commission of an offense it is competent to show by other evidence that such instrument was possessed by the defendant at a previous time, even though the testimony tends to show independent wrongful acts. (*People* v. *Madison,* 3 Cal. (2d) 668 [46 Pac. (2d) 159].) This is the precise situation here presented. Defendants had denied knowing each other and had likewise denied having in their possession, or ever having seen, a sawed-off shotgun. It was competent, therefore, for the prosecution to show that on a previous occasion appellant was seen with a shotgun in his hands, even though such evidence tended to reveal the commission of another wrongful act.

■ Appellant complains of an instruction given by the court, relative to an alibi as a defense, in which the jury were told that they should scrutinize the testimony offered in support thereof in order to satisfy themselves that a fabri-. cated defense was not being imposed upon them. This cautionary instruction has received full consideration and approval in *People* v. *Arnold,* 199 Cal. 471 [250 Pac. 168], where the cases on the subject are extensively reviewed. Appellant was not prejudiced thereby.

█ Appellant next urges as ground for reversal that the court invaded the province of the jury by instructing them that only first degree robbery was involved in the case. The jury was instructed as to what constituted both first and second degree robbery. The jury was further instructed that it was its exclusive province to determine the facts of the case. Thereafter the court submitted forms of verdict, and in the form of verdict of guilty the portion as to the degree of robbery was left blank. At the time of submitting this form of verdict the court made these statements: "If the defendants are found guilty of robbery, it would be robbery in the first degree. . . . As I say, the question here is whether or not the defendants are guilty of robbery in the first degree. This is for you to decide from the facts." There was no request on the part of defendants for an instruction or the submission of a form of verdict relative to second degree robbery. Here the evidence showed a robbery perpetrated with the use of a deadly weapon. The evidence on behalf of the defense was that of alibis which went to prove that they were not present at the time and place the crime was committed. Under the evidence the only verdict which the jury could render was one of guilty as charged or of acquittal. However, since appellant did not request any instruction relative to any other included offense than that of first degree robbery, he cannot now urge that he has been prejudicially injured. (*People* v. *Derwin*, 78 Cal. App. 781 [248 Pac. 1029]; 8 Cal. Jur. 377.)

█ And, finally, it is claimed that the judgment is uncertain and made to depend upon a contingency. The sentence reads as follows: "It is therefore ordered, adjudged and decreed that the said defendants, Joseph Cato and Hugh Ritchie, be punished by imprisonment in the State Prison of the State of California. Said sentence to commence at the expiration of the sentence imposed in the Federal Court; or if said Federal Court sentence is suspended, to commence at once. U. S. District Court No. 25401 S., sentenced to 1 year in the San Francisco County Jail, August 17, 1935. The defendants, Joseph Cato and Hugh Ritchie, were then remanded to the custody of the sheriff of the City and County of San Francisco, to be by him taken to the warden of the State Prison, at San Quentin, California. 5 day stay of execution of sentence granted to the defendant Joseph Cato."

Appellant claims that the judgment is void for the reason that it is made to depend upon a contingency of which the trial court cannot take cognizance; and, further, that the judgment and sentence involve an alternative over which the trial court has no jurisdiction to take notice. There is no merit in the contention. Under the amendment in 1935 to section 669 of the Penal Code it is now provided that no matter whether the several convictions are had in the same court or different courts, or in the same proceeding or different proceedings, the judge has the alternative of directing whether the sentences shall run concurrently or shall follow after a previous conviction.

The order and judgment are affirmed.

Cashin, J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 21, 1936.