[Crim. No. 1347.   Fourth Dist.   June 18, 1958.]

THE PEOPLE, Respondent, v. JOSEPH BERNARD NORTON, Appellant.

*Assigned by Chairman of Judicial Council.

John F. O'Laughlin, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

McCABE, J. pro tem.*—Defendant appeals from a judgment of conviction of burglary, second degree, violation of section 459, Penal Code, and from a denial of his motion for a new trial.

By Count One of the information Hauser and Williams were charged with a violation of section 459, Penal Code. To this count Hauser and Williams entered a plea of guilty. In Count Two, Williams and defendant Norton were charged with a violation of the same section. Later, Count Two was dismissed as to Williams and defendant entered a plea of not guilty. Upon the trial the jury returned a verdict of guilty.

Defendant raises two contentions (1) certain evidence concerning the activities of Hauser and Williams was erroneously admitted, and (2) an instruction concerning a change of mind and withdrawal was improper and should not have been given.

Hauser, Williams and defendant had known and associated with each other for over a year. Defendant frequently dated Williams' sister. About a week before June 20, 1957, some gloves were purchased by defendant, which fact was known by Williams since Williams and defendant had talked about committing a burglary. These gloves were placed in the glove compartment of defendant's car, to which Williams had access

---

*Assigned by Chairman of Judicial Council.

at all times. On June 20 these gloves were taken by Williams from Norton's car and placed in Williams' vehicle where Hauser saw them on June 20, 1957. There was an understanding between Williams and Hauser to burglarize the Polar Ice Cream Company store. Inadvertently, Hauser took two left-handed gloves and went into the store but for some reason committed no criminal act while there. Williams waited for him outside. After coming from the store Hauser hid the gloves in a hedge. Later Hauser was picked up by Williams. They then proceeded to pick up Williams' girl, and then Hauser was "dropped off" at the Naval Station. Williams and his girl then went to defendant's trailer where defendant and his girl were present. Williams told defendant what had happened with Hauser at the store. The two girls were taken home by Williams and defendant. They used defendant's car. Williams and defendant then proceeded to the same store under an agreement to burglarize it. Upon arriving at the store Williams took the remaining two gloves. Finding both were right-handed, he used one and left one in defendant's car. Williams taped his left hand. All of these events occurred in the presence of defendant. Williams then proceeded into the store and burglarized it of some rolls of pennies and a cigarette lighter. Prior to going into the store, defendant told Williams he "wasn't going to have anything to do with the burglary." Defendant did not wait for Williams. After leaving the store Williams dropped the pennies, cigarette lighter and the one glove in some bushes, returned to defendant's trailer, informed defendant he had entered the store, taken some pennies and where they were hidden. This occurred in the early morning hours of June 21. At about 4:30 or 5 o'clock a. m., Williams took defendant's car and returned to the place where he had dropped the articles. The record is not clear as to what there occurred. Later a police officer, with the permission of defendant, searched defendant's car and found one right-handed glove in the glove compartment. All the gloves were of identical make, size and description. The glove, pennies and lighter were later recovered from the bushes and were identified in the record. At the police station, defendant told conflicting stories of the recited events and at one time told the police he had committed the burglary. At the trial, defendant did not take the witness stand and did not present any defensive evidence. Hauser and Williams, over the objections of defendant, testi-

fied to the events happening in the late afternoon or early evening of June 20 when they were at the store.

■ The contention of defendant that the evidence of the activities of Williams and Hauser was erroneously admitted is without merit. In order to prove the complicity of defendant it was necessary to show the chain of events leading up to the actual commission. The gloves were highly relevant evidence in the case. To follow the gloves from one location to another and their use it was necessary to introduce the evidence through Hauser and Williams. To show defendant's knowledge of the purchase of the gloves, the purpose for which they were purchased and the actual use to which they were put required the introduction of such evidence. The evidence was relevant for all of these purposes. The evidence is not to be excluded because incidental to its admission the questionable character of defendant's companions is shown.

■ The rule of admissibility of evidence as set forth in *People* v. *Dabb*, 32 Cal.2d 491, 499 [197 P.2d 1], is in part:

''A defendant in a criminal action cannot be required to defend himself against the charge of any crime other than that for which he is on trial, but this rule does not exclude evidence which incidentally discloses the commission of another offense. Evidence which is relevant in establishing guilt of the crime charged is admissible notwithstanding the fact that it tends to connect the accused with an offense not included in the charge. (Citations.) As stated in *People* v. *Peete, supra,* at page 315, quoting from *People* v. *Walters,* 98 Cal. 138, 141 [32 P. 864], 'whenever the case is such that proof of one crime tends to prove any fact material in the trial of another, such proof is admissible, and the fact that it may tend to prejudice the defendant in the minds of the jurors is no ground for its exclusion.'

■ ''The general test of relevancy is whether the evidence tends logically, naturally, and by reasonable inference to establish any fact material for the People or to overcome any material matter sought to be proved by the defense. If it does, then the evidence is admissible whether or not it embraces the commission of another offense and whether the other crime be similar or dissimilar. (*People* v. *Peete,* 28 Cal.2d 306, 315 [169 P.2d 924].)''

To apply a different rule to the evidence in this case would have restricted the evidence to a point where the jury or trier of facts would have been unable to view the essential facts in their true light. The jury or trier of facts could not properly

evaluate the weight of the evidence. No error occurred by the admission of this evidence. (See *People* v. *Dabb,* 32 Cal. 2d 491 [197 P.2d 1] ; *People* v. *Simeone,* 26 Cal.2d 795 [161 P.2d 369] ; *People* v. *Nakis,* 184 Cal. 105 [193 P. 92] ; *People* v. *McGilver,* 67 Cal. 55 [7 P. 49] ; *People* v. *Cato,* 13 Cal.App. 2d 391 [56 P.2d 1245].)

The instruction given to the jury and to which defendant objects, reads as follows :

''The responsibility of one who has knowingly and with criminal intent aided and abetted the commission of a crime does not cease, that is, his liability for the crime does not cease unless within time to prevent the commission of the contemplated act, he has done everything practicable to prevent its consummation. If he changes his mind, he must do everything practicable to prevent the crime from being committed. It is not enough that he may have changed his mind, and tries when too late to avoid responsibility. He will be liable if he fails within time to let the other party know of his withdrawal, and does everything in his power to prevent the commission of the crime.''

This instruction cannot be successfully challenged since it accurately and correctly recites the law delineated in *People* v. *King,* 30 Cal.App.2d 185, 204 [85 P.2d 928] and *People* v. *Ortiz,* 63 Cal.App. 662 [219 P. 1024].

The judgment of conviction, and the order appealed from, are and each of them is, affirmed.

Griffin, Acting P. J., and Mussell, J., concurred.