EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. GERARDO CARREIRA MÁS, JUEZ, demandado; LUIS FERNANDO SÁNCHEZ BÁEZ, interventor.

*Número:* O-75-71      *Resuelto:* 29 de abril de 1975

*Myriam Naveira de Rodón, Procuradora General, Ana Belén Frías, Procuradora General Auxiliar*, abogadas del peticionario; *Dora Nevárez Muñiz*, abogada del interventor.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Luis Fernando Sánchez Báez, conocido por Randal, fue acusado por los delitos de violación, contra natura y asesinato en primer grado. Se declaró culpable de los dos primeros y en cuanto al último el Tribunal Superior, Sala de San Juan, Carreira Más, J. determinó, como cuestión de derecho, luego de examinar la declaración jurada del único testigo de cargo, que los hechos relatados en la misma no imponían responsabilidad al acusado.

Al resolver la cuestión el Juez expresó:

"Bueno, examinada la declaración jurada, el Protocolo de Autopsia, examinado al fin, el expediente del Señor Fiscal, el Tribunal entiende que este acusado, Luis Fernando Sánchez Báez, entró en una conspiración o formó parte de un mutuo acuerdo con otras personas para la comisión de unos hechos delictivos, a saber, el delito de Violación y el delito de Contra Natura. Entiende el Tribunal que este acusado, como los otros, son igualmente responsables de todos los actos cometidos por cualquiera de

ellos en la consumación y hasta la terminación de la conspiración a la cual entraron. También cree el Tribunal, y ese es el criterio jurídico nuestro, de que el acusado sería igualmente responsable de la consecuencia normal, natural y predisponible de los actos de la conspiración a la cual entraron, pero concluye el Tribunal que este acusado, Luis Fernando Sánchez Báez, terminó, mejor dicho, la conspiración a la cual él entró en relación con la Violación y Contra Natura, cesó cuando se consumaron estos hechos y el acusado se ausentó del sitio, se separó del grupo, dejó de ser parte ya de la conspiración del acto al cual él había entrado voluntariamente y por lo tanto, cree el Tribunal que este acusado, ausente como estaba del sitio, habiéndose terminado la conspiración a la cual entró voluntariamente, y más aún, demostrando con esa intención un acto de llamar la atención a los otros de que no continuaran golpeando a la perjudicada y ausentándose del sitio voluntariamente, y no siendo el delito de Asesinato, o los actos cometidos con posterioridad, parte ni consecuencia natural del delito de Violación y Contra Natura, el Tribunal entiende que este acusado, Luis Fernando Sánchez Báez, no es responsable de los actos cometidos por sus otros co-conspiradores una vez terminada la conspiración a la cual él voluntariamente, repito, entró para la comisión del delito de Violación y Contra Natura. Es decir, que ya había terminado la conspiración esa. Ya había terminado y él no puede ser responsable de los actos cometidos en su ausencia, sino que los mismos fueron previsibles por él y fuera del ámbito de la conspiración a la cual había entrado."

El juez de instancia suspendió los procedimientos para dar oportunidad al fiscal de revisar. Accedimos a ello.

No podemos concurrir con el criterio expresado por el juez de instancia. De la declaración jurada surge que los tres actores participaron activamente desde el comienzo. Surge que Guiyi (otro coacusado) "le dio [a la víctima] contra una pared de cemento varias veces por la cabeza"; que Betún (la víctima) se cayó al piso quedando inconsciente; "que Guiyi y Randal cogieron entre los dos a Betún y siguieron caminando por el callejón." Luego los tres participantes realizaron los actos que dieron margen a las acusaciones por los delitos de Violación y Contra Natura. Tras consumarse estos delitos, uno

de los conspiradores, Guiyi, "empezó a darle con la cabeza contra el piso y entonces Randal le dijo a Guiyi que dejara a esa mujer quieta que la iba a matar, que entonces Guiyi se paró y sacó un peso del bolsillo y se lo dio a Randal y éste dijo 'nos vemos' y se fue." Seguidamente Guiyi realizó otros actos horrendos contra la infeliz mujer. Finalmente la abandonaron desnuda en una vía pública.

El interventor no puede escapar su responsabilidad por el delito de asesinato, luego de haber consumado conjuntamente con otros dos una serie de actos criminales, retirándose de la escena del crimen, terminando así su participación activa en los actos delictivos, estando la víctima ya inconsciente a consecuencia de los golpes que le habían propinado en la cabeza. Para que el abandono de una acción criminal concertada pueda levantarse como defensa por los hechos ocurridos con posterioridad al retiro, tienen que concurrir ciertas circunstancias. Es indispensable la existencia de un intervalo de tiempo razonable entre el abandono de la actividad criminal y el acto delictivo por el cual se imputa responsabilidad. *Pollack* v. *State*, 253 N.W. 560, 565 (Wis. 1934). El lapso de tiempo tiene que ser suficiente para que los otros participantes tengan la oportunidad de seguir el ejemplo del que se retiró y refrenar su actuación criminal concertada. *People* v. *Brown*, 186 N.E.2d 321, 324 (Ill. 1962). La comisión del delito debe ser imputable a una causa independiente. *People* v. *Ortiz*, 219 P. 1024, 1027 (Dist. Ct. App. Calif. 1923). En *State of Nebraska* v. *Wilson*, 222 N.W.2d 128, 130 (Neb. 1974), se hace una clara expresión de los elementos de esta doctrina:

"Para que sea efectiva como defensa, tiene que haber un intervalo apreciable entre el alegado abandono de la empresa criminal y el acto por el cual se trata de evitar responsabilidad. El coconspirador debe tener una oportunidad razonable para seguir este ejemplo y arrepentirse de una acción subsiguiente antes de que el acto en cuestión sea cometido. Un conspirador no puede

escapar responsabilidad por un acto que es el resultado natural de un plan criminal que él ha ayudado a confeccionar y a llevar a cabo, huyendo al instante en que el acto en cuestión esté a punto de ser cometido y la transacción que inmediatamente lo engendra ha sido de hecho comenzada. Véanse *People* v. *Nichols,* 230 N.Y. 221, 129 N.E. 883, *Pollack* v. *State,* 215 Wis. 200, 253 N.W. 560." Ver además *People* v. *Norton,* 327 P.2d 87 (Dist. Ct. App. Calif. 1958) y *People* v. *King,* 85 P.2d 928 (Dist. Ct. App. Calif. 1939).

En el presente caso el acusado, aquí interventor, ni actuó a tiempo ni hizo todo lo posible para impedir la consumación del acto delictivo. Tampoco la comisión del delito fue imputable a una causa independiente.

*Se revocará la resolución recurrida y se devolverá el caso al Tribunal Superior, Sala de San Juan para ulteriores procedimientos consistentes con lo expuesto en esta opinión.*