[Crim. No. 7969. Second Dist., Div. Three. June 13, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. ORVILLE LeROY HUBERT, Defendant and Appellant.

Orville LeRoy Hubert, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

FILES, J.—This is an appeal taken by the defendant, presently in federal custody, from judgments of the superior court following revocation of probation in two cases.

In January 1951 defendant pleaded guilty to one count of forgery and one count of burglary, fixed at burglary second degree. On February 7, 1951, in both cases, it was ordered that probation be granted for five years, the defendant to spend the first year in the county jail (to run concurrently). Other counts in each information were dismissed.

On April 2, 1954, probation was revoked in both cases and a bench warrant was issued. Although the record indicates a hearing was held, it does not indicate whether defendant was present in person or by counsel. Defendant's written memorandum to this court states that he was in "McNeil Federal Prison" from March 1954 until October 1958, following a conviction in the federal court for bank robbery. For purposes of this decision we assume that he was in a federal prison during the time stated.

In May 1961 defendant was in the Los Angeles County Jail, being held for the United States marshal. It appears that prior to May 12, 1961, defendant had violated the terms of his federal parole in some manner and as of that date was about to be returned to a federal prison as a parole violator. The District Attorney of Los Angeles County then obtained a writ of *habeas corpus ad prosequendum* whereby defendant was produced in the superior court for a hearing on probation and sentence. On May 12, 1961, a hearing was held, defendant being present in person and represented by the public defender, at which time defendant was sentenced to state prison for the term prescribed by law in both the burglary case and the forgery case, these sentences to run concurrently with each other and consecutively to federal time owing.

Defendant has appealed on these grounds: "(1) that my constitutional rights were violated, and (2) that the present sentences are not in the best interests of justice nor the best for the community."

 It is well settled that probation may be revoked during the probationary period without defendant's being present or represented by counsel. (*In re Davis*, 37 Cal.2d 872 [236 P.2d 579].) If probation is revoked during the probationary period, defendant may then be sentenced at a later

time, even after the expiration of the original probationary period. (*People* v. *Williams*, 24 Cal.2d 848, 853 [151 P.2d 244] ; *In re Roberts*, 40 Cal.2d 745, 748 [255 P.2d 782].) This rule is essential to the proper enforcement of the terms of probation because in many cases (as in this one) the defendant may be out of the state so that he cannot be made to appear before the expiration of the probationary period.

Defendant does not contend that the court did not have good grounds for revoking his probation. He suggests that this should have been done after he was arrested for the bank robbery and before he was sent away to the federal penitentiary in March 1954. The record shows that a hearing on violation of probation was held on December 18, 1953, and continued to December 28 and continued again to January 13, 1954, at which time it was placed off calender. The order revoking probation was made on April 2, 1954, which is after defendant had been taken away to serve his federal sentence. The record before us does not indicate the reason for the continuances, and does not indicate that there was any error or irregularity in the proceedings. No legal prejudice to defendant appears. He did violate his probation and the court so found ; and his sentencing was properly deferred until he was present in person and represented by counsel.

At the hearing on May 12, 1961, the court had before it a supplemental probation report, and also a written statement by defendant. Counsel for defendant urged the court to pronounce a misdemeanor sentence and make it run concurrently with the federal time. Penal Code, section 669, gives the trial court discretion to determine whether sentences shall run concurrently or consecutively. Although the trial court might have directed that the sentences run concurrently (*In re Stoliker,* 49 Cal.2d 75 [315 P.2d 12]), it was not improper to decide that the state imprisonment shall follow the federal term. (*In re Sichofsky,* 201 Cal. 360 [257 P. 439, 53 A.L.R. 615] ; *People* v. *Cato,* 13 Cal.App.2d 391 [56 P.2d 1245].)

It was the duty of the trial judge to determine which of the legal alternatives was most appropriate. He acted within his legal discretion, and this appellate court is not authorized to substitute its discretion for his, even should this court wish to do so.

The judgments are affirmed.

Shinn, P. J., and Ford, J., concurred.