[Crim. No. 10434.   Second Dist., Div. Four.   Nov. 1, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT NICKOLAS WENDES, Defendant and Appellant.

Robert Nickolas Wendes, in pro. per., and Reynold F. Paris, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Leslie F. Bell, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—By information in case No. 269233, defendant was charged with four counts of forgery (Pen. Code, § 470), committed on or about June 30 and July 1, 1962. Defendant, appearing with counsel, pleaded guilty to count one on February 15, 1963. Proceedings were suspended, probation was granted for a period of four years upon certain conditions, and the remaining counts were dismissed. On February 25, 1964, defendant's probation was revoked ex parte, and a bench warrant issued.

By another information, in case No. 292456, defendant was charged with two counts of forgery committed on or about February 14 and February 28, 1964. Defendant, represented by counsel, personally pleaded nolo contendere; the court accepted this plea and a probation report was ordered. On September 10, 1964, probation was denied as to count one and defendant was sentenced to state prison for the term prescribed by law. Count two was dismissed on the same date.

At the hearing on September 10, 1964, at which defendant was present and represented by counsel, probation was revoked in case No. 269233, and defendant was sentenced to state prison for the term prescribed by law. The sentences in the two cases were ordered to run concurrently. Defendant appeals from the judgments rendered. In addition to the brief filed on appeal by defendant's appointed counsel, defendant filed briefs in propria persona. We find no merit in any of the contentions urged.

In regard to the alleged irregularity in the revocation of defendant's probation and the imposition of sentence in case No. 269233, defendant does not dispute the correctness of the finding that he had violated the terms of his probation. The revocation of probation was well within the probationary period which was to last until 1967. Defendant was present and represented by counsel at the hearing on the revocation of probation which was held on September 10, 1964. He was sentenced at the same hearing. The fact that this hearing had been set earlier (on August 4, 1964), but had been continued to this date without any reason appearing in the record, gives defendant no ground for argument, since we may not presume that there was any irregularity under such circumstances. (*People* v. *Hubert*, 204 Cal.App.2d 617, 619 [22 Cal.Rptr. 450].) Although there is no time limit within

which sentence may be pronounced after an effective revocation of probation (*People* v. *Williams,* 24 Cal.2d 848 [151 P.2d 244]), here defendant's sentencing trial began within a matter of days after personal jurisdiction over him was secured and within the original probationary period. In *People* v. *Brown,* 111 Cal.App.2d 406 [244 P.2d 702], a defendant was convicted in 1936, his probation was revoked in 1937, but he was not sentenced until 1951, five years after the original probationary period would have ended. The court, citing *People* v. *Williams, supra,* held the trial court had jurisdiction to impose sentence.

█ Defendant contends that the trial court lost jurisdiction to impose sentence in case No. 269233 under the provisions of Penal Code section 1203.2a. Defendant alleges in his in propria persona brief that, in April 1964, he wrote letters to his Los Angeles probation officer informing him that he was in custody in another county, and requested an immediate trial in Los Angeles County for the violation of his probation. He contends that by failing to act within 30 days the court lost jurisdiction to impose sentence. Defendant does not contend, however, that his written request was signed in the presence of the warden or superintendent of the prison in which he was confined.

Penal Code, section 1203.2a in pertinent part, reads as follows: "If any defendant who has been released on probation is committed to a prison in this State for another offense, the court which released him on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he was granted probation, in the absence of the defendant, on the request of the defendant made through his counsel, or by himself in writing, if such writing is signed in the presence of the warden or superintendent of the prison in which he is confined or the duly authorized representative of the warden or superintendent, and such warden or superintendent or his representative attests both that the defendant has made and signed such request and that he states that he wishes the court to impose sentence in the case in which he was released on probation, in his absence and without his being represented by counsel." Defendant's alleged request to be sentenced was clearly not made in compliance with the above section.

The rulings in *Escobedo* v. *Illinois,* 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977] and *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], have no application to the matters before us. No illegally obtained evidence was used

against defendant since his guilt was established by his pleas. ▉ Furthermore, there is no indication in the record (as defendant suggests) that his plea of nolo contendere was induced by the availability to the prosecution of incriminating statements made by him to the police after his arrest. Defendant has the burden of showing that his plea was not his voluntary act. He has clearly not carried it here.

The record reflects that defendant knew the nature and effect of his plea of nolo contendere, and that he entered such plea voluntarily. At the time the plea was taken, the following proceedings were had:

"MR. SHIBATA: This defendant has indicated it is his desire to enter a plea of nolo contendere to Count 1.

"Is that correct?

"THE DEFENDANT: Yes, sir.

"MR. SHIBATA: If that is acceptable with the prosecution and the Court.

"THE COURT: That is agreeable with the Court.

"MR. KEIR: People agree.

"Robert Nickolas Wendes, your attorney has indicated— strike that.

"You have been heretofore arraigned on Information No. 292456. Are you now ready to plead?

"THE DEFENDANT: Yes, sir.

"MR. KEIR: To Count 1 of this Information, how do you now plead? Nolo contendere?

"THE DEFENDANT: Yes, sir.

"THE COURT: It has been explained to you, Mr. Wendes, by your counsel that a nolo contendere plea, and the effect of it, is in all effects and purposes a no contest, and you will be found guilty by the Court automatically, but this plea cannot be used against you in any civil action.

"Do you understand that?

"THE DEFENDANT: Yes, sir."

Defendant argues several further points in his in propria persona briefs. We have examined these points and find that the arguments presented are without merit and do not warrant further comment.

Our examination of the record reveals no error.

The judgments of conviction are affirmed.

Files, P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied November 23, 1965, and appellant's petition for a hearing by the Supreme Court was denied December 22, 1965.