[Crim. No. 9309. First Dist., Div. Two. Apr. 24, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM RICHARD DAVIDSON, Defendant and Appellant.

**COUNSEL**

Martin E. Henner, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Robert R. Granucci and Eugene Kaster, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KANE, J.**—Defendant William Richard Davidson appeals from the trial court's order revoking probation.

On March 16, 1966 appellant was convicted of marijuana possession and was sentenced to state prison for the term prescribed by law. *Execution of the sentence was suspended* and appellant was placed on three years' probation. On October 19, 1966 the probation officer moved to revoke probation, alleging that appellant had violated certain conditions of probation. Instead of revoking probation, however, the court, at appellant's request, adjourned all criminal proceedings and initiated a narcotic commitment procedure pursuant to section 3051 of the Welfare and Institutions Code.[1] After having received reports from the two appointed medical examiners, the court found that appellant was a narcotic addict or a person in imminent danger of becoming addicted to the use of narcotics. Whereupon, on November 14, 1966, appellant was committed to the Department of Corrections for confinement at the California Rehabilitation Center ("C.R.C.")

On February 21, 1968 appellant moved to modify the probation on the ground that he was then on parole from C.R.C. On March 6, 1968 the court denied appellant's motion indicating that the motion could only be considered after the narcotics authorities had referred him back to the court.

On January 19, 1970 appellant was again sentenced to state prison, this time for possession of heroin. Thereafter, on September 4, 1970, the court revoked the March 16, 1966 probation, and the sentence of March 1966 was ordered into effect and made concurrent with the January 1970 sentence.

Appellant's first contention, in essence, is that since the March 16, 1966 court order placed him on three years' probation which was not revoked or extended during the term of the probation, the court was without jurisdiction to revoke the same on September 4, 1970 when the probationary period had already expired (Pen. Code, § 1203.3; *In re Clark* (1959) 51 Cal.2d 838 [337 P.2d 67]).

Thus, the issue presented is whether the probationary period was tolled during the narcotics commitment. For the reasons which follow, we answer that question in the affirmative.

Penal Code, section 1203.3, which provides in pertinent part that "The *court shall have authority* at any time during the term of probation *to*

---

[1]Unless otherwise indicated, all code references will hereinafter be made to the California Welfare and Institutions Code.

*revoke, modify, or change its order of suspension of . . . execution of sentence"* (italics added), must be read together with the statute governing commitment to C.R.C. (Welf. & Inst. Code, ch. 1, arts. 1 through 5). This statute provides in mandatory terms that the judge shall adjourn all criminal proceedings when it appears to him that a person convicted of a crime is a narcotic addict or is in imminent danger of becoming such (§ 3051). In addition, the whole statutory scheme envisions the return of the committed defendant to the court where the criminal proceedings were suspended.[2]

Probation essentially calls for continuing supervision of the probationer and maintaining jurisdiction and power in the trial court to act in respect to such supervision (*In re Osslo* (1958) 51 Cal.2d 371, 380 [334 P.2d 1]). But once the trial court has exercised its discretion under section 3051 to direct the institution of narcotics rehabilitation proceedings, the criminal court is without jurisdiction to proceed with the criminal case until those proceedings have terminated (*People* v. *Gonzales* (1969) 275 Cal.App.2d 741, 743 [80 Cal.Rptr. 324]).

With commendable candor the Attorney General, in his brief, has cited *People* v. *Victor* (1965) 62 Cal.2d 280 [42 Cal.Rptr. 199, 398 P.2d 391], which contains language suggesting that at the time of appellant's commitment to C.R.C., precise statutory authority to do so was lacking.

The court in *Victor* describes the hiatus[3] as follows: "A defendant who upon being found guilty is not incarcerated but is released on probation could, of course, become addicted (or in imminent danger thereof) *after* conviction, i.e., during his probationary period outside prison walls; in such event there would have been no opportunity to detect his condition at the presentencing stage. Here again is a situation for which no provision has been made in the subject legislation. Two alternatives appear under the law as it now reads, according to whether in granting probation the criminal court suspended (1) the imposition or (2) the execution of the sentence. If the court suspended (i.e., deferred) the imposition of sentence, it would seem that upon development of the probationer's addiction prob-

---

[2]Thus, under section 3051, although a defendant may be recommended for discharge from the narcotics program, he *must* be referred back to the court for further action on the suspended criminal proceedings. Similarly, under section 3053 the defendant *must* be returned to the court if found unfit for treatment or confinement. Pursuant to section 3200 he *may* be recommended for discharge and returned to court after completion of a specified period of time in the rehabilitation program. Section 3201 also provides that the defendant *must* be returned upon his discharge after seven years (or a three-year extension thereof) to the court in which the criminal proceedings were adjourned.

[3]The statutory defect described in *Victor* has been remedied (§ 3051, as amended in 1970).

lem commitment proceedings could properly be instituted under article 2. Although the language of sections 6450 and 6451 [of the Penal Code] may be read as implying that such proceedings are to be instituted, if at all, promptly 'Upon conviction' of the defendant, that inference is not compelled. *The real gap in the statutory scheme appears when the court imposes sentence but suspends its execution, and thereafter the probationer develops an addiction problem: in such case neither article 2 nor article 3 appears to be available, as they now read.* Of course in many such instances the process of becoming addicted will involve conduct justifying revocation of probation, and the defendant can then be treated upon his return to custody; the conduct could also constitute an independent crime upon which criminal action could be instituted." (P. 297, fn. 13; italics partially added.)

However, in *Victor* the defendant opposed the C.R.C. proceedings which were initiated by the district attorney during defendant's incarceration in jail. Here, appellant, as we have pointed out, requested the procedures to be instituted. Assuming, arguendo, that, under *Victor,* the C.R.C. commitment was erroneous, it is clear that appellant invited, and is therefore estopped from taking advantage of, any such error (*Abbott* v. *Cavalli* (1931) 114 Cal.App. 379, 383 [300 P. 67]; cf. *In re Griffin* (1967) 67 Cal.2d 343 [62 Cal.Rptr. 1, 431 P.2d 625]).

In addition, it appears to us that a valid argument was neither advanced nor considered in *Victor.* As pointed out earlier, Penal Code, section 1203.3, gives the court authority at any time during probation to revoke, modify or "change its order of suspension of . . . execution of sentence."

Part and parcel of the court's order suspending execution of sentence here was the granting of probation. When the court later *adjourned* all criminal proceedings, such order inextricably involved a *change* or *modification* of the previous order suspending execution of sentence.

We conclude, therefore, that under the circumstances presented by the instant case the narcotic commitment of appellant tolled the probationary period. Consequently, the September 4, 1970 revocation by the trial court did occur during the term of probation within the meaning of Penal Code, section 1203.3.

Appellant's second contention is also jurisdictional, and is based upon Penal Code, section 1203.2a, which provides that where a defendant has been previously sentenced on one offense and the *execution* of that sentence has been suspended, the court must issue its commitment on that

offense within 30 days after the court receives "notification" of defendant's prison confinement on another offense.[4]

The statute provides two alternative methods by which the court may receive official notification of a defendant's prison confinement: (1) by the probation officer or (2) by receipt of a "certificate" from the warden, superintendent or duly authorized representative of any prison in this state, "showing that the defendant is confined in prison."

Appellant does not contend that the court was ever informed by the probation officer of the "confinement." He claims, however, that the court did receive notification from two sources either of which satisfy section 1203.2a. We disagree.

First, appellant argues that, since both prison sentences were imposed by the same court, the court had constructive, if not actual, notice of his confinement. This argument begs the issue, since the statute provides the sole and exclusive means by which the court's jurisdiction may be defeated. The observation of this court (Div. One) in *In re Brown* (1971) 19 Cal.App. 3d 659, 666 [97 Cal.Rptr. 71], in requiring strict compliance with another aspect of section 1203.2a, is pertinent: "When, as here, proceedings have been initiated by the state to enable the incarcerated defendant to preserve his right to concurrent sentences, *it is not improper to preserve the jurisdiction of the court until it has been ousted by strict compliance with the terms of the statute,* or until such time as the defendant has been prejudiced by errors or omissions of some agent of the state." (Italics added.)

Next, he relies upon a letter, dated March 13, 1970, from the superintendent of C.R.C. advising the court that appellant had been sentenced to state prison on January 19, 1970 and was therefore no longer a fit subject for treatment in the civil addict program. This advisory communication, however, is not the "certificate" referred to in Penal Code, section 1203.2a, the provisions of which are strictly construed (*People* v. *Wendes* (1965) 237 Cal.App.2d 814 [47 Cal.Rptr. 310]; *In re Brown, supra*).

The only reasonable interpretation that can be given to section 1203.2a is that the notification referred to must come from the prison in which the defendant is confined and must be in the form of a certification so that

---

[4]Penal Code, section 1203.2a, reads in pertinent part as follows: "Upon being informed by the probation officer of the defendant's confinement, *or upon receipt* from the warden, superintendent or duly authorized representative of any prison in this State *of a certificate* showing that the defendant is confined in prison, the court shall issue its commitment if sentence has previously been imposed. . . . If the case is one in which sentence has previously been imposed, the court shall be deprived of jurisdiction over defendant if it does not issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after being notified of the confinement." (Italics added.)

the court is made aware of the 30-day limitation upon its jurisdiction. Otherwise, any letter or written memorandum to the court from any warden, superintendent or duly authorized representative of any prison in the state would suffice, despite the fact that such information might be erroneous. For example, in the case at bar, the letter from the superintendent of C.R.C. would be erroneous if the defendant's prison commitment had been recalled pursuant to Penal Code, section 1168.

Additionally, we are satisfied that Penal Code, section 1203.2a, is not applicable to the instant case for the following reasons: The authorities interpreting this section make it evident that the purpose of Penal Code, section 1203.2a, is to prevent inadvertent *consecutive* sentences which would deprive defendant of the benefit of Penal Code, section 669, providing that sentences shall be concurrent unless the court expressly orders otherwise (*In re White* (1969) 1 Cal.3d 207, 212 [81 Cal.Rptr. 780, 460 P.2d 980]).

Rigid application of the 30-day provision of Penal Code, section 1203.2a, would present potential conflict with the time schedules set up in the rehabilitation statute. Since the rehabilitation statute is a newer enactment, it shall be deemed to be prevailing over the provisions of Penal Code, section 1203.2a, which had been adopted prior thereto. This proposition is supported by *People* v. *Plaehn* (1965) 237 Cal.App.2d 398, 399-400 [46 Cal.Rptr. 872], where the court held upon the same rationale that Penal Code, section 1191, which limits the time for sentencing to 21 days after conviction, is not applicable to a defendant committed pursuant to the narcotics statute.

Finally, the "jurisdiction" referred to in Penal Code, section 1203.2a, is jurisdiction over the person which can be conferred by acquiescence, silence, waiver or estoppel (*In re McDonald* (1920) 45 Cal.App. 480, 489 [187 P. 991]; 13 Cal.Jur.2d, Courts, § 82, pp. 590-591; cf. *In re Griffin, supra*, at p. 347).

The record makes it unmistakable that on July 22, 1970 appellant personally and through his counsel waived any sentencing requirement that might have been applicable by Penal Code, section 1203.2a.

The order is affirmed.

Taylor, P. J., and Rouse, J., concurred.