Opinion
ELKINGTON, J.
The People appeal from “orders and decisions of the court of April 23, 1976, and May 3, 1976, granting [defendant Rosenquist’s] Petition for Destruction of Records under Health and Safety Code Section 11361.5 and dismissing the [People’s] Petition for Modification of Probation.”
Rosenquist’s petition was for the destruction of records of his earlier arrest and conviction of an offense relating to marijuana. It was filed pursuant to Health and Safety Code section 11361.5, subdivision (b), as effective January 1, 1976.
Following the People’s appeal, section 11361.5, subdivision (b), was superseded by a statute of the same code, section number, and subdivision, which provides for destruction of such records in a proper case, upon application to the Department of Justice. Because of the superseding statute, and as stated in Younger v. Superior Court (Mack) 21 Cal.3d 102, 111 [145 Cal.Rptr. 674, 577 P.2d 1014], the “superior court no longer has jurisdiction to enforce its order for destruction of records pursuant to section 11361.5, subdivision (b) . . . and the order must therefore be vacated.”
The order of the superior court granting the petition for destruction of records will therefore be reversed. The reversal will be without prejudice to Rosenquist’s right, at an appropriate time, to seek relief under the superseding, and now effective, Health and Safety Code section 11361.5, subdivision (b).
We advert now to the People’s appeal from the order “dismissing the Petition for Modification of Probation.”
The superior court appears to have dismissed that petition for the stated reason: “. . . , I think, that it [i.e., § 11361.5, subd. (b)] actually *276 means that you can wipe these previous ones [i.e., previous marijuana arrests and convictions] out by this process.”
The court misconstrued the effect of the statute, as later explained in Younger v. Superior Court (Mack), supra, 21 Cal.3d 102, 113-114. That controlling authority holds that neither the initial, nor the superseding, Health and Safety Code section 11361.5, subdivision (b), had the effect of “wiping out” or nullifying previous marijuana convictions prior to payment of the offender’s required “debt to society.” It stated (p. 113): “[L]ike all statutes, section 11361.5, subdivision (b). . . is to be read with a view to effectuating legislative intent. ... As we noted in another connection, the purpose of this legislation is to minimize or eliminate the lingering social stigma flowing from what is now perceived to be a relatively minor form of criminal activity. . . . The intent is to insure that once the offender has paid his prescribed debt to society, he not be further penalized by curtailment of his opportunities for rehabilitation, education, employment, licensing, and business or professional advancement. ... [¶] Yet the debt must first be paid: we are satisfied the Legislature meant the statute to apply only to persons who have completed their punishment before seeking relief from the collateral effects of their convictions. Even though the statute is silent on the point, to hold otherwise would allow such defendants to escape or reduce that punishment by the device of compelling destruction of the very records on which it is based. . . . We conclude that section 11361.5, subdivision (b) ... neither requires nor authorizes destruction of records of a conviction that remains subject to review on appeal, or is the basis of a term of imprisonment that has not been fully served, or of a fine that has not been wholly paid, or of periods or conditions of parole or probation that have not been satisfactorily completed(Italics added.)
Rosenquist’s probation was based upon his above noted conviction of a marijuana offense. The petition to modify probation appears to have been based upon his alleged involvement with stolen property during the period of probation. Despite the effect of section 11361.5, subdivision (b), Rosenquist, according to Younger v. Superior Court (Mack), supra, while on probation had not completed the punishment for the marijuana offense, and remained subject to his conviction’s collateral effects. His probation was thus subject to modification, contrary to the trial court’s conclusion and order. That order will also be reversed, and the superior court will have a continuing jurisdiction in respect of the People’s petition, according to the principles announced in In re Griffin, 67 Cal.2d 343, 348-349 [62 Cal.Rptr. 1, 431 P.2d 625]; People v. Ham, 44 Cal.App.3d *277 288, 293-294 [118 Cal.Rptr. 591]; People v. Davidson, 25 Cal.App.3d 79, 81-83 [101 Cal.Rptr. 494].
The orders and decisions of the superior court granting the petition for destruction of records, and dismissing the petition for modification of probation, are and each is reversed.
Racanelli, P. J., and Newsom, J., concurred.