[No. 7675–2–I.   Division One.   September 22, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. LOUIS ALTON CAMPBELL, *Appellant.*

*Lewis Nomura* of *Seattle–King County Public Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Patricia Aitken, Deputy,* for respondent.

Dore, J.—Defendant appeals a trial court order extending his period of probation.

## ISSUE

Did the trial court have authority to enter its April 26, 1979, order extending the period of defendant's probation until April 1984?

## FACTS

The following chronology sets forth the relevant events:

October 23, 1973. Defendant pleads guilty to a charge of burglary in the second degree.

April 12, 1974. Trial court defers imposition of sentence and places defendant on probation for 5 years.

December 21, 1976. State requests that probation revocation hearing be conducted. Defense counsel requests that the proceeding be stayed, contending that the defendant was not competent to understand the nature of the hearing. Trial court orders that defendant be committed to Western State Hospital for a 15–day observation period and further orders that the revocation proceeding be stayed during such period.

January 11, 1977. Defense counsel requests court to extend commitment for 90 days or until such time as defendant regains competency. Trial court grants request and stays revocation proceeding during examination period. Probation court ruled that the effect of these two orders staying proceedings was to extend the probationary period for 105 days.

April 29, 1977. Defendant regains competency and court enters an agreed order modifying the conditions of probation by requiring defendant to enter the mentally ill offender program at Western State Hospital.

Early March 1978. State requests a review hearing to extend defendant's probation. Notice of hearing was given to defendant and defense counsel. Hearing was scheduled for March 20, but canceled at the request of defendant's therapist who stated that such a hearing would be counterproductive to defendant's treatment.

March 14, 1978. Court enters an ex parte order extending defendant's probation 2 years to March 14, 1980.

April 12, 1979. Original 5–year probationary period expires.

April 26, 1979. Court conducts probation revocation hearing and orders that defendant's probation be extended to April 12, 1984, with probation conditioned upon defendant remaining at Western State Hospital.

## DECISION

RCW 9.95.230 authorizes a trial court to revoke, modify, or change its order suspending the imposition of a sentence at any time during the course of probation. A trial court loses its power to impose a sentence at the end of the probationary period. *State v. Nelson,* 92 Wn.2d 862, 601 P.2d 1276 (1979). Defendant argues that since the original probationary period expired on April 12, 1979, the trial court was without authority to enter its April 26, 1979, order extending the period of probation until April 1984.

■ The State argues that the defendant's term of probation did not expire on April 12, 1979, due to two prior extensions of probation. First, the trial court entered a March 14, 1978, order extending the period of probation to March 14, 1980. Defendant disputes the validity of this order on due process grounds. Second, a 105–day stay in proceedings due to defendant's incompetency extended the period of probation to July 26, 1979. We can find no authority for this proposition, and refuse to accept such rationale.

The remaining issue before this court is whether the March 14, 1978, order, extending the period of probation, was entered in violation of the defendant's rights under the due process clauses of the state and federal constitutions.

■ In proceedings where a probationer may be "condemned to suffer grievous loss," certain minimum requirements of due process must be satisfied. *Morrissey v. Brewer,* 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972). Hence, a probationer must be given notice and the

right to a hearing in a probation revocation proceeding because a revocation of probation results in a loss of liberty which constitutes a "grievous loss." *Gagnon v. Scarpelli,* 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973); *Morrissey v. Brewer; supra.* However, some courts have held that minimum due process requirements need not be met in an extension of probation proceeding because a loss of liberty is not involved. *United States v. Carey,* 565 F.2d 545 (8th Cir. 1977); *Ockel v. Riley,* 541 S.W.2d 535 (Mo. 1976). The reasoning of these cases does not control the subject case because the extension of probation herein would effect an increased restriction on the probationer's liberty. Accordingly, we agree with the holding of *Skipworth v. United States,* 508 F.2d 598 (3d Cir. 1975), wherein the court held that ex parte extensions of probation are inadvisable because of the potential for prejudice, to wit:

> Accordingly, we will hereafter require the district courts in this Circuit before extending probation to provide notice to the probationer of the proposed extension and advise him that he has a right to a hearing should he so desire, together with the assistance of counsel.

*Skipworth v. United States, supra* at 602–03.

In the subject case, the defendant was notified in early March 1978, of a proposed hearing to extend probation. This proceeding was canceled when defendant's therapist stated that a hearing would be counterproductive in light of the defendant's mental condition. On March 14, 1978, an ex parte order, extending probation until March 1980, was entered. Nothing in the record indicates that defendant or defense counsel was notified of the State's intent to submit such an order. Further, defendant was not advised that he had a right to a hearing.[1]

---

[1]Trial Judge T. Patrick Corbett, on June 11, 1979, signed findings of fact, including finding of fact No. 5, providing:

"That on *March 14, 1978,* the Honorable T. Patrick Corbett, signed an ex parte order the sole effect of which was to entend [*sic*] probation two years from

We hold that the minimum requirements of due process, as enunciated in *Skipworth v. United States, supra,* were not satisfied. Consequently, the terms of the original April 12, 1974, order, deferring sentencing and placing defendant on probation for 5 years, remained in effect. By the terms of that order, defendant's probationary period expired on April 12, 1979, and the trial court was without authority to enter its April 26, 1979, order extending probation. Accordingly, the April 26, 1979, order of the trial court is vacated and set aside, and the defendant, Louis Alton Campbell, is forthwith ordered released from the jurisdiction of the State.

JAMES, A.C.J., concurs.

SWANSON, J. (dissenting)—I cannot agree with the majority's decision which vacates the trial court's carefully considered order extending probation and orders Campbell's immediate release from the jurisdiction of the State.

The circumstances of the case require that we proceed cautiously. Louis Alton Campbell is described by his therapist as a paranoid schizophrenic with manifestations of antisocial behavior who has seriously abused drugs, threatened to kill himself and others, and who has attempted suicide possibly as an attention–getting device; he lacks control over his own behavior and must remain on psychotropic drugs, and, if released, he will likely get again involved in street drugs and felonious behavior.

There are at least two grounds upon which the Superior Court should be affirmed: (1) the period of 105 days during which the revocation proceeding was stayed at Campbell's request operated to toll the probationary period; and (2) the March 14, 1979, order extending probation, although entered ex parte, was in compliance with due process requirements.

---

March 14, 1978. There was no hearing held prior to the entry of this order. There was no waiver of presence."

Regarding the tolling of the probationary period, the majority states flatly, "We can find no authority for this proposition, and refuse to accept such rationale." I respectfully suggest that there is authority for tolling the probationary period under the circumstances here presented. In our own state, as well as other jurisdictions, it is fundamental that the probationary period is tolled if the probationer flees the jurisdiction or fails to report to his supervising officer as required. *See State v. Frazier,* 20 Wn. App. 332, 579 P.2d 1357 (1978); *Gillespie v. State,* 17 Wn. App. 363, 563 P.2d 1272 (1977). Admittedly, this principle is arguably grounded on the notion that the probationer, by fleeing, is guilty of wrongdoing, a factor missing here. However, in terms of the State's ability to proceed against him in a revocation proceeding, Campbell's requests for stays avoided the control of the court just as effectively as if he had fled; so, too, his commitment for incompetency put him beyond the supervision of the probation officer. *Cf. United States v. Gerson,* 192 F. Supp. 864 (E.D. Tenn. 1961), *aff'd,* 302 F.2d 430 (6th Cir. 1962).[2]

---

[2]On June 4, 1979, the trial judge entered findings of fact in support of its order denying defendant's motion to dismiss for lack of jurisdiction, one of the orders from which this appeal is taken. The court's finding provided in part as follows:

That thereafter, the King County Prosecutor's Office scheduled a probation revocation hearing, before the Honorable Howard Thompson, alleging that the defendant, Louis Alton Campbell, threatened to kill his mother on September 20, 1976. This hearing was continued to December 21, 1976, at which time the defendant's attorney, Lewis Nomura, set forth in an affidavit requesting that the defendant be committed to the Department of Social and Health Services for psychiatric observation examination and treatment, "that your affiant believes that the defendant was acutely psychotic at the time of the alleged offense and is at present, mentally incompetent to understand the nature of the probation revocation hearing; this opinion is based on personal observation and the written report of Harvey A. Ries, M.D., attached." On *December 21, 1976,* the defendant's attorney, Lewis Nomura, presented an order committing the defendant to Western State Hospital for a 15–day period of observation, during which time the action was stayed as the order recited;

"IT IS FURTHER ORDERED that the action be stayed during the examination period." That the effect of this order was to extend the five–year probationary period for an additional 15 days.

Finding of fact No. 2.

A situation nearly identical to the case at bar was presented to the California Court of Appeal in *People v. Davidson,* 25 Cal. App. 3d 79, 101 Cal. Rptr. 494 (1972). There, the defendant was convicted of possession of marijuana and placed on 3 years' probation. Some months after the conviction, his probation officer moved to revoke probation, alleging violations of the conditions of probation. However, the court, at the defendant's request, adjourned the criminal proceedings and initiated a civil commitment proceeding known as a narcotics rehabilitation commitment; the defendant was found to be an addict or in imminent danger of becoming an addict and was committed to a rehabilitation center. Following his parole from the rehabilitation center, the defendant was convicted of possession of heroin and sentenced to prison. His earlier probation was revoked some 4 years after it had been ordered originally, and he was ordered to serve both sentences concurrently.

On appeal, the defendant argued that the court was without jurisdiction to revoke probation because the 3-year probationary period had expired without being extended. The court disagreed, holding that the defendant's narcotics commitment had tolled the probationary period. The court noted that the narcotics rehabilitation proceeding had been initiated at the defendant's request and deprived the court of jurisdiction to proceed with the criminal case. Likewise, here, Campbell's commitment due to incompetency was at

---

That on *January 11, 1977,* the defendant's attorney presented an order to Judge Horton Smith requesting that the court extend the defendant's commitment for up to 90 days or until such time as the defendant regained his competency to participate in his probation revocation hearing, whichever occurred first. This request was based on a letter from Dr. George J. MacDonald, Clinical Director of the Western State Hospital Mentally Ill Offender Program, indicating to the court that the defendant was not competent to participate in a probation revocation hearing. The order presented by the defendant's attorney and signed by Judge Horton Smith, set forth that:

"It is Further Ordered that this action be stayed during this examination period." That the effect of this order was to extend the five-year probationary period for an additional 90 days.

Finding of fact No. 3.

his own request, as was the 90–day extension of his commitment. In addition, by virtue of his incompetency, the court was unable to proceed with the revocation proceeding, just as the narcotics rehabilitation proceeding prevented the court from proceeding against the defendant in *Davidson. See* RCW 10.77.050.

The court in *Davidson* also advanced a theory that I think is applicable here, namely, that because the governing statute authorized the lower court to revoke, modify, or change its order suspending sentence at any time during probation, the order *adjourning* the criminal proceeding and institution of the narcotics rehabilitation proceeding was, in effect, a *change* or *modification* of the earlier order. In this state, RCW 9.95.230 authorizes a trial court to revoke, modify, or change its order suspending the imposition of sentence at any time during the course of probation. Under the same reasoning, the orders committing Campbell and staying the revocation proceeding necessarily involved a *change* or *modification* of the original order deferring imposition of sentence and operated to *extend* the probationary period a total of 105 days. It is undisputed that the orders staying the revocation were well within the 5–year probation period. I would apply the principles enunciated in *People v. Davidson, supra,* and hold that the requests for stays tolled the probationary period a total of 105 days. Under such an analysis, the order of June 4, 1979, extending probation was within the original probationary period.

Regarding the alternative ground for affirming the trial court, I must point out, as the majority fails to do, that the State attempted to supplement the record with the affidavit of Paul G. Dremousis, probation coordinator for the King County prosecutor, to show that Campbell had notice that the State would seek to extend probation. Campbell objected to the attempted supplementation of the record, but, at the request of the State, the trial court held a hearing pursuant to RAP 7.2(e) and made findings that the defendant's attorney was, in fact, informed of the State's

intentions and voiced no objection.

I would sua sponte order that the record be supplemented with Judge Corbett's findings that Campbell's attorney knew that the State would seek an extension of probation. While it may have been better to have obtained defendant's attorney's written approval on the order extending probation, the proposed findings of the trial court demonstrate that notice was given and due process requirements met.

Even assuming Campbell had no notice that the State would extend probation, I am not convinced that the ex parte nature of the March 14, 1978, order is sufficient justification for releasing Campbell from the jurisdiction of the State. For the authority that ex parte extensions of probation are impermissible, the majority cites *Skipworth v. United States,* 508 F.2d 598 (3d Cir. 1975). A close reading of that case reveals that the court merely stated that ex parte extensions of probation are "inadvisable." *Skipworth,* at 602. Even *Skipworth* does not purport to require prior notice and a hearing in all situations. While I am in general agreement that ex parte extensions are inadvisable because of the potential for prejudice, I am also in agreement with these observations of the District of Columbia Court of Appeals:

> In some cases exigent circumstances may legitimately arise which require such [ex parte] extensions in order to preserve jurisdiction over a probationer which would otherwise be lost due to expiration of the probation term. In that event an appropriate record should be made reflecting the necessitating circumstances.

(Footnote omitted.) *Valentine v. United States,* 394 A.2d 1374, 1376 (D.C. 1978).

I believe that exigent circumstances did exist necessitating an ex parte extension. Moreover, the record, even as unsupplemented, reflects that the exigencies were created by the defendant's own requests for civil commitment and stays of the revocation proceeding.

I therefore dissent.

Reconsideration denied November 12, 1980.

Review granted by Supreme Court February 13, 1981.