[No. 47473-7. En Banc. August 13, 1981.]

THE STATE OF WASHINGTON, *Petitioner,* v. LOUIS ALTON CAMPBELL, *Respondent.*

*Norm Maleng, Prosecuting Attorney, Patricia H. Aitken, Assistant Chief Deputy,* and *Carol Hepburn* and *James E. Lobsenz, Deputies,* for petitioner.

*Mark Leemon* of *Seattle–King County Public Defender Association,* for respondent.

DIMMICK, J.—At issue is whether the extension of defendant's probationary period was valid. Defendant/respondent Campbell pleaded guilty to second degree burglary in October of 1973. On April 12, 1974, the trial court deferred imposition of sentence and placed Campbell on 5 years' probation, conditioned on Campbell's treatment and residence at an approved mental facility.

In December of 1976, the State sought a probation revocation hearing alleging the defendant had threatened to kill his mother. Defense counsel requested a stay of the proceedings, contending that the defendant was not competent to understand the nature of the hearing. The court granted the stay and further committed defendant to Western State Hospital for a 15–day observation period. Defense counsel's subsequent request for a 90–day extension of the stay and of the commitment was granted. Upon regaining competency, defendant's probation was modified such that he was required to enter the mentally–ill offender program at Western State Hospital.

In early March 1978, the State requested a review hearing to extend Campbell's probation. Notice was given to Campbell and defense counsel. A hearing was scheduled, but canceled at the request of Campbell's therapist, who indicated a court hearing would be counterproductive to defendant's treatment. On March 14, 1978, the trial court entered an ex parte order, extending Campbell's probation to March 14, 1980. There is nothing in the record indicating that defendant or his counsel was apprised of the State's intent to submit this order to the court. An attempt to supplement the record at the Court of Appeals level was denied by the commissioner of Division One. At the request

of the State, the trial court held a hearing in which it entered supplemental findings to the effect that the defendant's counsel was notified of the State's intent to seek an ex parte order.

On April 12, 1979, the original probation order of April 1974 expired. On April 26, 1979, a hearing was held and Campbell's probation was extended by the probation judge to April 12, 1984, with the condition that Campbell remain at Western State Hospital. Campbell was notified of the hearing and was represented by counsel. At this hearing, defendant's therapist diagnosed defendant as schizophrenic, aggravated by extreme antisocial behavior and drug abuse. He further testified that defendant needed long-term treatment, and feared that if defendant was allowed to return to the community he would once again become involved in street drugs and other felonious behavior, and commit actions against his mother.

Campbell appealed the extension of his probation on the ground that the court no longer had jurisdiction over him after April 12, 1979. Division One of the Court of Appeals, in a split decision, vacated both orders extending probation and ordered Campbell released on the ground that his probationary period properly expired on April 12 and thus the two extensions were invalid. *State v. Campbell*, 27 Wn. App. 297, 616 P.2d 1267 (1980). In so holding, the court deemed the March 14 ex parte order violative of due process, and further refused to permit entry of the trial court's supplemental findings. The court also ruled that the period of probation had not been tolled by the stays of the revocation hearings and consequent commitment.

We reverse on the basis that the April 26 extension was timely because the probationary period had been tolled.

I

On December 21, 1976, the State requested that a probation revocation hearing be conducted. Defense counsel asked for a stay on the basis that defendant was not competent to understand the nature of the hearing. The trial

court committed defendant to Western State Hospital for a 15–day observation period, and ordered a stay of the revocation proceedings. On January 11, 1977, the trial court approved defense counsel's request for a 90–day extension of commitment and for a further stay of the revocation proceedings. The State contends that as a consequence of these two stays of the probation revocation hearing and consequent commitment to a mental institution, requested by defense counsel, the running of the period of probation was effectively tolled.

Case law from both our jurisdiction and others holds that the probation period does not run when the probationer is in prison, *United States v. Gerson,* 192 F. Supp. 864 (E.D. Tenn. 1961), *aff'd,* 302 F.2d 430 (6th Cir. 1962); in a rehabilitation center, *People v. Davidson,* 25 Cal. App. 3d 79, 101 Cal. Rptr. 494 (1972); or generally out of the jurisdiction contrary to the terms of probation, *State v. Frazier,* 20 Wn. App. 332, 334, 579 P.2d 1357 (1978); *Gillespie v. State,* 17 Wn. App. 363, 563 P.2d 1272 (1977). The policy underlying these decisions is essentially that once the probationer is committed to a facility or otherwise out of the jurisdiction, he or she is not subject to the jurisdiction of the court.

The same policy considerations are present in the instant case. During the period defendant was committed to the mental hospital for determination of incompetency, he was beyond the supervision of the court since one has a fundamental right not to be tried, convicted or sentenced while incompetent. RCW 10.77.050; *State v. O'Neal,* 23 Wn. App. 899, 600 P.2d 570 (1979). In the instant case, the court was powerless to alter defendant's probation during the 105–day period he was at Western State Hospital being examined. Thus, defendant's term of probation was tolled and expired on July 26, 1979, instead of on the original April 12 date. As such, on April 26, 1979, the court had jurisdiction to extend defendant's probation.

## II

The State also contends that the ex parte probation extension hearing complied with due process. Although ex parte proceedings in these matters are inadvisable, because of their potential for prejudice, they are not violative of due process. *Skipworth v. United States,* 508 F.2d 598 (3d Cir. 1975); *Valentine v. United States,* 394 A.2d 1374 (D.C. 1978). Ex parte revocation of probation hearings, however, are forbidden. *Gagnon v. Scarpelli,* 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973). *See also Morrissey v. Brewer,* 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972) (holding that prior to revocation of parole, parolee is entitled to a hearing). Instead, the probationer is entitled to both a preliminary and a final revocation hearing, as outlined in *Morrissey. Gagnon,* at 782.

█ In distinguishing the procedural rights accorded to those facing extension of probation with those facing probation revocation, the Court of Appeals for the Third Circuit stated:

> While we acknowledge that probation entails significant restrictions on an individual, an extension of probation is clearly not as "grievous" a "loss" as revocation . . . In fact, the primary "loss" suffered by an individual whose probation has been extended lies not in the continuing restrictions themselves, but in the possibility of future revocation.

*Skipworth,* at 601. The Court of Appeals for the Third, Fifth and Sixth Circuits have ruled, however, that before extending probation, the district courts must, in the future, "provide notice to the probationer of the proposed extension and advise him that he has a right to a hearing should he so desire, together with the assistance of counsel." *Skipworth,* at 602–03. *See also Forgues v. United States,* 636 F.2d 1125 (6th Cir. 1980); *United States v. Cornwell,* 625 F.2d 686 (5th Cir. 1980). *Contra, United States v. Carey,* 565 F.2d 545 (8th Cir. 1977). Such a rule is needed because of the potential for prejudice in ex parte extensions of probation. *See Forgues,* at 1127; *Cornwell,* at 688; *Skipworth,*

at 602. We adopt this position, and therefore will require courts in this state to provide notice to probationers not only of proposed revocations, but also extensions, and advise them that they have a right to a hearing. A case may arise where exigent circumstance will permit such extension, without notice, in order to preserve jurisdiction over a probationer. In that event an appropriate record should be made setting forth the circumstances. *Valentine v. United States, supra* at 1376.

In light of our holding that where a revocation hearing is stayed by court order at the request of the defense, the probation period may be extended by the number of days set forth in the order, the April 26, 1979, extension was timely. It is unnecessary for this court to decide whether the March 14, 1978, ex parte order was valid or to rule on whether to allow entry of the supplemental findings pursuant to RAP 7.2(e).

The opinion of the Court of Appeals is reversed, and the matter is remanded to the Superior Court for entry of judgment reinstating the probation.

BRACHTENBACH, C.J., ROSELLINI, STAFFORD, UTTER, DOLLIVER, HICKS, and WILLIAMS, JJ., and HUNTER, J. Pro Tem., concur.