[No. 25568-9-III. Division Three. January 22, 2008.]

THE STATE OF WASHINGTON, *Respondent*, v. STEPHEN ROBINSON, *Appellant*.

*Susan M. Gasch* (of *Gasch Law Office*), for appellant.
*Andrew K. Miller, Prosecuting Attorney*, for respondent.

¶1 BROWN, J. — Stephen Robinson appeals the revocation of his 1984 suspended sentence for indecent liberties, contending the court lacked jurisdiction because his probation period had expired. Alternatively, he contends the court

violated his due process rights in sentencing him to a minimum term sentence based on the standard range for a current comparable crime rather than the crime he was convicted of committing. Because Mr. Robinson's postconviction conduct tolled the expiration date for his indecent liberties conviction and the trial court correctly compared indecent liberties to child molestation under current law, we affirm.

## FACTS

¶2 On June 4, 1984, the State charged Mr. Robinson with indecent liberties, under former RCW 9A.44.100(1)(b) (1975), for having sexual contact with a three-year-old child in March 1984. A jury found him guilty as charged, and on August 10, 1984, he was sentenced to 10 years in prison, suspended with conditions. Mr. Robinson's suspended sentence was to terminate 10 years from the date of sentencing. Mr. Robinson unsuccessfully appealed. The mandate was issued on October 28, 1986.

¶3 Mr. Robinson committed simple assault on May 28, 1988; third degree assault on March 16, 1990; and bail jumping on June 8, 1990. On November 13, 1990, the State petitioned to revoke Mr. Robinson's suspended sentence for several probation violations. On June 28, 1991, the court modified Mr. Robinson's judgment and sentence, imposing 30 days' jail time for the violations of the conditions of his suspended sentence.

¶4 On January 24, 1992, the court issued a warrant for Mr. Robinson's arrest after he absconded from supervision, and on August 19, 1992, the sheriff's office filed a return on the warrant. The court released Mr. Robinson on the condition that he appear in court on December 11, 1992. Mr. Robinson failed to appear, the court issued an arrest warrant, and on January 13, 1993, the sheriff's office filed a return on the warrant. The court again released Mr. Robinson on the condition that he appear in court on January 25, 1993. Another arrest warrant was issued that

day when Mr. Robinson failed to appear. Mr. Robinson then moved to Colorado.

¶5 In 2001, the State learned Mr. Robinson was in a Colorado prison for sexually assaulting a child. On October 8, 2001, the State filed an amended petition to revoke Mr. Robinson's 1984 probation and suspended sentence. Mr. Robinson requested his return to Washington. On January 15, 2003, the sheriff's office filed a return on his January 25, 1993 warrant.

¶6 On April 25, 2003, the trial court held a revocation hearing, revoking Mr. Robinson's 1984 suspended sentence. On November 12, 2004, the court entered a minimum term sentence of 68 months under RCW 9.95.011(1), finding "[t]he facts that constituted [Mr. Robinson's] original conviction would now constitute the crime of [c]hild [m]olestation in the [f]irst [d]egree and could not be charged under the [i]ndecent [l]iberties statute." Clerk's Papers (CP) at 12. Mr. Robinson appeals.

## ANALYSIS

### A. Jurisdiction

¶7 The issue is whether the trial court lacked jurisdiction to revoke Mr. Robinson's suspended sentence. Mr. Robinson contends his probation and suspended sentence expired before the court revoked his sentence.

■■ ¶8 We review jurisdictional matters de novo. *State v. Y.I.*, 94 Wn. App. 919, 922, 973 P.2d 503 (1999). By statute, a court has discretionary authority to suspend a defendant's sentence and place the defendant on probation. Former RCW 9.92.060 (1982); former RCW 9.95.210 (1983); *State v. Barnett*, 42 Wn.2d 929, 931, 259 P.2d 404 (1953). "[T]he court shall establish a definite termination date for the suspended sentence[, setting it] no later than the time the original sentence would have elapsed." RCW 9.92.064; *see* former RCW 9.95.210 (1983). The court can revoke a suspended sentence any time before the entry of a termination order. RCW 9.95.230.

 ¶9 A defendant's suspended sentence probationary period is tolled where the defendant, voluntarily or because of wrongdoing, is not subject to the court's control and probation supervision. *Gillespie v. State,* 17 Wn. App. 363, 367, 563 P.2d 1272 (1977). This includes the time a defendant is on appeal, on warrant status, in prison, or outside the jurisdiction in violation of probation terms. *City of Spokane v. Marquette,* 146 Wn.2d 124, 134, 43 P.3d 502 (2002); *State v. Mahoney,* 36 Wn. App. 499, 501-02, 675 P.2d 628 (1984); *State v. Campbell,* 95 Wn.2d 954, 957, 632 P.2d 517 (1981).

¶10 Here, Mr. Robinson received a suspended sentence on August 10, 1984 with a 10-year termination date (August 9, 1994). Mr. Robinson appealed that conviction and then absconded from supervision on multiple occasions, tolling his termination date. For example, his continuous absence between January 25, 1993 and January 15, 2003 extended his termination date nearly 10 years to the summer of 2004. Mr. Robinson incorrectly argues the attempted service of his January 25, 1993 warrant on a wrong person affects jurisdiction because it is irrelevant to whether he was subject to the court's supervision. Considering the tolling events, the court had jurisdiction over Mr. Robinson's suspended sentence well beyond fall 2004.

¶11 In sum, the State's October 2001 amended petition to revoke Mr. Robinson's suspended sentence, the April 2003 revocation hearing, and the court's November 2004 findings of fact and order of revocation all fall within Mr. Robinson's termination date. The court did not lack jurisdiction to revoke Mr. Robinson's suspended sentence.

## B. Compared Offenses

██ ██ ¶12 The issue is whether the court erred when comparing his 1984 indecent liberties conviction to the current crime of child molestation. Mr. Robinson contends his due process rights were violated when the court sentenced him to a minimum term under the existing statutory

scheme. He argues he should not be sentenced for a crime he did not commit.

¶13 The Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, provides for determinate sentencing, effective July 1, 1984. *In re Pers. Restraint of Rolston*, 46 Wn. App. 622, 625, 732 P.2d 166 (1987). Before the SRA, a parole board established a defendant's minimum term. *See* RCW 9.95.011(1); *Rolston*, 46 Wn. App. at 625. Now, RCW 9.95-.011 provides for setting minimum term sentences in pre-SRA cases. RCW 9.95.011(1); *State v. Shephard*, 53 Wn. App. 194, 197, 766 P.2d 467 (1988).

¶14 "When the court commits a convicted person to the department of corrections on or after July 1, 1986, for an offense committed before July 1, 1984, the court shall, at the time of sentencing or revocation of probation, fix the minimum term." RCW 9.95.011(1). The minimum term "shall not exceed the maximum sentence provided by law for the offense of which the person is convicted." *Id.* "The court shall attempt to set the minimum term reasonably consistent with the purposes, standards, and sentencing ranges adopted [in the SRA]." *Id.; Shephard*, 53 Wn. App. at 197.

¶15 Under former RCW 9A.44.100(1)(b) (1975), a defendant committed the crime of indecent liberties if the defendant engaged in sexual contact with another who was under 14 years of age and not married to the defendant. The maximum punishment was 10 years in confinement. RCW 9A.20.020(1)(b); former RCW 9A.44.100(3) (1975). In 1988, the legislature amended the statute, removing the age limitations and creating a new offense based solely on age: child molestation. Former RCW 9A.44.100(1)(b) (1988); RCW 9A.44.083, .086. A defendant commits the crime of first degree child molestation by having sexual contact with another who is under 12 years of age, is not married to the defendant, and is at least 36 months younger than the defendant. RCW 9A.44.083(1).

¶16 Here, a jury found Mr. Robinson guilty of indecent liberties, "as charged in the Information," for engaging in

sexual contact with a three-year-old child in March 1984. CP at 163, 165. In 2003, the court revoked his suspended sentence, establishing a minimum term sentence as required under current law. RCW 9.95.011(1). Between these events, the legislature modified the indecent liberties statute. The trial court correctly looked to the underlying facts of Mr. Robinson's crime in sentencing him to a minimum term sentence because those facts fall squarely within the offense of first degree child molestation. RCW 9A.44.083(1).

¶17 In sum, the court did not sentence Mr. Robinson for a crime he did not commit; it sentenced him based on the underlying facts of his 1984 offense. In doing so, it adopted a minimum term sentence "reasonably consistent with the purposes, standards, and sentencing ranges adopted [in the SRA]." RCW 9.95.011(1); *Shephard*, 53 Wn. App. at 197.

¶18 Affirmed.

KULIK, J., and THOMPSON, J. PRO TEM., concur.