# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THOMAS EUGENE HALL, JR., | ) | NO. 68502-3-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| KING COUNTY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: March 11, 2013 |
| | ) | |

LAU, J. — Thomas Hall sued King County, alleging that he was unlawfully confined in the King County jail for 12 days while awaiting a hearing on allegations that he violated the terms of probation. Hall claims his detention was unlawful because his two-year term of probation had already expired. However, Hall's calculation of when his probation supervision ended fails to account for periods of confinement during which his probation was tolled. Because of tolling, his probation had not expired and his detention during the period in question was lawful. The trial court properly granted the County's motion for summary judgment.

## FACTS

On November 6, 2006, the trial court sentenced Thomas Hall on three misdemeanor domestic violence convictions in King County No. 06-1-05423-3 KNT.

The court imposed concurrent sentences of 364 days and suspended the sentences upon 24 months of probation. The court ordered probation to begin immediately and provided that probation would be "tolled during any period of confinement." In the intervening two years between the date of his sentence and December 31, 2008, Hall spent a total of 74 days in jail.

On December 15, 2008, Hall was arrested on charges of domestic violence and malicious mischief. The court authorized Hall's release on these new charges pending a January 2009 court date. The County did not, however, release Hall because after he was arrested, the Department of Corrections (DOC) issued two orders for "arrest and detention" which required the County to continue to detain Hall in jail on other matters.

The first arrest and detain order pertained to a 2007 felony cause and alleged that Hall had violated conditions of confinement in that case by committing an assault on December 1, 2008. The order provided that the DOC had jurisdiction and would schedule a hearing on the alleged violation.

The second arrest and detain order pertained to Hall's 2006 misdemeanor case. The order alleged that Hall had violated the terms of probation by (1) committing domestic violence malicious mischief on or about December 15, 2008, (2) failing to take a GED (general education diplomacy) examination on December 10, 2008, and (3) ingesting THC (tetrahydrocannabinol) on or about December 2, 2008. The order provided that Hall was under the County's probation jurisdiction on the 2006 cause and the County would schedule a probation violation hearing.

A DOC hearing for the 2007 felony sentence took place on December 31, 2008. The hearing officer found Hall guilty of one violation and ordered his release with credit

for time served. But because Hall was still subject to the second arrest and detain order, the County did not release him on that date.

A hearing on Hall's alleged violations of his misdemeanor probation was initially scheduled for December 31—the same day as the DOC hearing—on the felony criminal calendar. But according to the agreed practice of the prosecutor's office and the King County Superior Court, the prosecutor struck the hearing so the probation violation could be heard by the sentencing judge. The hearing was rescheduled for January 12, 2009 before Judge Michael Heavey, the sentencing judge.

At the hearing, the State struck the assault allegation and the court found that the drug charge had been adequately addressed by the DOC. Hall took the position that his two-year probation had expired and he should be released because he was no longer subject to the County's jurisdiction under the 2006 cause. The prosecutor was unable to provide information about Hall's probation termination date. The trial court ordered Hall's release and entered an order terminating his probation in the 2006 cause.

In 2011, Hall filed the instant civil action against the County, alleging unlawful imprisonment between December 31, 2008, and January 12, 2009. He also alleged a violation of his civil rights under 42 U.S.C. § 1983 based on an unspecified King County practice, policy, or custom. The County moved for summary judgment. At the hearing on the County's motion, the court requested additional briefing on the issue of whether Hall's suspended sentence term of probation was tolled during periods of confinement. Following the submission of additional briefing on that issue, the court granted the

County's motion and dismissed Hall's complaint.[1] The court later denied Hall's motion for reconsideration and request for terms.

ANALYSIS

We review summary judgment de novo and consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. Hearst Commc'ns, Inc. v. Seattle Times Co., 154 Wn.2d 493, 501, 115 P.3d 262 (2005). Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Bulman v. Safeway, Inc., 144 Wn.2d 335, 351, 27 P.3d 1172 (2001).

Hall contends that his probation expired on November 6, 2008, two calendar years from the date the court imposed his 2006 sentence. Therefore, the County had no lawful basis to hold him in jail after December 31, 2008—the date his DOC violation hearing on the 2007 felony cause took place. He does not dispute either the fact or extent of his confinement in jail between November 2006 and December 2008. The underlying premise of Hall's argument is that his confinement in jail did not affect the expiration of his probation.

Hall fails to address the express language of his judgment and sentence, which explicitly provides that his term of probation would be "tolled during any period of confinement." Notwithstanding this provision, Hall asserts that the probation act, RCW 9.95.210(1), does not authorize or permit tolling which operates to extend the term of probation past the term of probation a sentencing court imposes.

---

[1] Only the County submitted a supplemental brief.

RCW 9.95.210(1) states, in relevant part: "[I]n granting probation, the superior court may suspend the imposition or the execution of the sentence and may direct that the suspension may continue upon such conditions and for such time as it shall designate, not exceeding the maximum term of sentence or two years, whichever is longer." Here, the maximum term of sentence was 365 days—less than two years.[2] See former RCW 9A.20.021(2)(2003). Therefore, under this statute, the sentencing court was authorized to impose probation not to exceed two years. This does not mean, however, that the term of probation could not extend longer than two years due to tolling.

State v. Robinson, 142 Wn. App. 649, 653, 175 P.3d 1136 (2008), is instructive. In 1984, Robinson committed indecent liberties. Following his conviction, the court suspended his ten-year sentence and imposed ten years of probation. Twenty years later, after the trial court revoked his suspended sentence, Robinson argued that the court lacked authority to do so because his probation had expired. This court disagreed. Robinson's probation had not terminated because it was tolled during multiple, extended periods of time when he had absconded. This court held that a defendant's suspended sentence probationary period is tolled when the defendant "is not subject to the court's control and probation supervision" and further explained, "This includes the time a defendant is on appeal, on warrant status, in prison, or outside the jurisdiction in violation of probation terms." Robinson, 142 Wn. App. at 653. Consistent with previous case law, Robinson makes it clear that a trial court may toll a defendant's

---

[2] In 2011, the legislature changed the maximum sentence for gross misdemeanors to 364 days. LAWS OF 2011, ch.96, § 13.

probation when, as here, the defendant is in jail. See also City of Spokane v. Marquette, 146 Wn.2d 124, 134, 43 P.3d 502 (2002) (municipal court's two year probationary jurisdiction tolled while defendant on warrant status); State v. Campbell, 95 Wn.2d 954, 957, 632 P.2d 517 (1981) (probation tolled while the defendant committed to a mental institution).

Hall points out that he was convicted of gross misdemeanors, whereas Robinson's crime was a felony. He fails to explain why this distinction affects the applicability of tolling. Robinson committed indecent liberties before June 1984. Therefore, the court had the authority to suspend Robinson's sentence and impose probation under the same statutory provisions now applicable, with limited exceptions, only to misdemeanor offenses.[3] See Robinson, 142 Wn. App. at 652; RCW 9.94A.575. Because of tolling, Robinson's term of probation extended beyond the ten years the court imposed. Hall's probation likewise lasted longer than two calendar years because it was tolled while he was in jail.

Hall reasserts his request for attorney fees of $1,635 under CR 11 and CR 56(g). But, as explained, the County's motion had legitimate basis both in law and in fact. While he clearly disagrees with the County's determination that his probation did not expire until January 14, 2009, Hall fails to establish either bad faith or improper purpose on the part of the County. The trial court did not abuse its discretion in denying Hall's

---

[3] The Robinson court cited the suspended sentence act, RCW 9.92.060, and the probation act, RCW 9.95.210. Robinson, 142 Wn. App. at 652. It is unclear, but immaterial, which provision the trial court relied upon to suspend Robinson's sentence and order probation. Under Robinson, probation imposed under either provision is tolled while a defendant is not subject to probationary supervision.

request for sanctions. See Biggs v. Vail, 124 Wn.2d 193, 197, 876 P.2d 448 (1994) (trial court's ruling on sanctions is reviewed for an abuse of discretion).

Because Hall failed to establish that his confinement in King County jail pursuant to an arrest and detain order was unlawful, his complaint against the County was properly dismissed. We affirm.

WE CONCUR: